13699

PENNINGTON *ET AL.* v. WOLF CONSTRUCTION CO. *ET AL.*

(171 S. E., 45)

*Messrs. Williams & Busbee* and *Joseph L. Nettles* for appellant,

*Messrs. W. M. Smoak* and *John E. Stansfield* for respondents.

October 10, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

Woodrow Pennington, as plaintiff, commenced an action in the Court of Magistrate Norman E. Cullum, of the County of Aiken, this State, by the service of summons and complaint upon the defendants, Wolf Construction Company, G. T. Fulmer, L. W. Boykin, Jr., and the State Highway Department, on the 11th day of December, 1931, for the purpose of recovering judgment against the defendants in the sum of $5.10, alleging a joint and several liability of the defendants to the plaintiff, for a claim for labor alleged to have been performed by the plaintiff in the months of November and December, 1931. In the said summons which was issued on the 10th of December, 1931, by the magistrate in said cause, the defendants were directed to appear before the said magistrate at 12 o'clock, noon, December, 12, 1931, to answer the said complaint and show cause why judgments should not be awarded against the defendants. It appears that in connection with the complaint the said Woodrow Pennington filed with the magistrate the customary affidavit and in which the plaintiff stated that the defendant Wolf Construction Company was a nonresident of this State and was preparing to take its property out of the State and for which reason the plaintiff requested the magistrate to shorten the time for the defendants to appear and answer in said cause. It further appears from the record in the case that soon after the commencement of the action by Woodrow Pennington against the defendants, about seventy-seven additional suits were instituted against the defendants for the

same purpose as the suit by Pennington; the amounts claimed by the plaintiffs in the other suits varying from $1.00 to $95.-28. Each of the plaintiffs in the additional suits referred to filed with the magistrate an affidavit similar to that filed by Pennington. The defendants appeared before the magistrate on the 12th of December, 1931, as directed by the summons served upon them, but special objection was made and filed by the defendant Wolf Construction Company to having to answer and go to trial within such a short period of time; and filed a demurrer to the effect that sufficient grounds had not been shown as a basis for shortening the time for said trial and, further, upon the ground that the record did not disclose upon what capacity that defendant Wolf Construction Company was being sued. The objection on the part of the Wolf Construction Company being overruled by the magistrate, the case proceeded to trial before the said magistrate without a jury, and counsel representing the respective litigants agreed, it appears, that all of the said suits should be tried together, and it seems from the record that it was agreed that the result of the trial in the Pennington case should apply to each of the other suits, and it seems to be agreed that each of the plaintiffs was entitled to recover from some one the amount for which his suit was instituted; the amounts claimed by the plaintiffs varying, as above stated, from $1.00 to $95.28. In its answer, the Wolf Construction Company denied liability and the State Highway Department also denied liability. The record does not disclose what position the other defendants took in the case, except permitting default judgment. A verdict being given by the magistrate for the plaintiff Woodrow Pennington for the full amount of his claim, $5.10, and, also, to each of the other plaintiffs for the full amount of their claims, from judgment thereon, the defendants State Highway Department and Wolf Construction Company appealed to the Court of Common Pleas for Aiken County. The appeal was heard by his Honor, Judge Hayne F. Rice, who upon due consideration, for reasons stated in an order issued by said Judge, sustained

the appeal as to the State Highway Department but affirmed the judgment as to Wolf Construction Company. From the said order of his Honor, Judge Rice, the defendant Wolf Construction Company has appealed to this Court. It is stated by counsel in the record before the Court that the complaints and affidavits, demurrers and answers, in the several cases were similar in character, the only difference being as to the amount due each of the respective plaintiffs, but it appears, for the purpose of avoiding repetition, only one complaint and affidavit, and one demurrer and answer, is printed. In this connection we call attention to the following stipulation appearing in the record: "It is further agreed by and between counsel that for the purpose of this appeal to the Supreme Court that the foregoing seventy-eight cases shall be consolidated and that only one transcript of record shall be printed, *provided, however, that the prevailing party, whether appellant or respondent, shall be entitled to his or their costs in each of the seventy-eight cases as though the said cases had been argued and prepared separately.*" (Italics ours.)

Appellant presents the allegations of error imputed to the lower Court, upon which a reversal of the judgment is asked, under six exceptions. Under Exception 1 error is imputed to the Circuit Judge in sustaining the magistrate in shortening the time in which to appear and answer to the summons, contending that there was no allegation or finding of fact sufficient to justify the same and, further, contending that it was an abuse of discretion not to allow longer time to defend in the action. In our opinion, one day's notice was a very short time for the defendant to appear and defend in the action and we think that more time should have been allowed. However, since the defendant, so far as the record discloses, does not seem to have been prejudiced by the ruling of the magistrate in this respect, the exception is overruled.

Under the second exception error is imputed to the Circuit Judge in sustaining the magistrate in holding that it was not necessary to allege the capacity in

which the defendant was sued, contending it was necessary to show that the defendant was either a corporation or a partnership. Such allegation should have been made, but since it is the rule of the appellate Courts not to hold a magistrate to the strict rules of practice in such matters, and since it is not shown that the defendant was in any way prejudiced by the ruling of the magistrate on the question, this exception is also overruled.

The remaining exceptions, all of which relate to the question as to whether or not the appellant, Wolf Construction Company, is liable to the several plaintiffs for their claims, we shall consider together.

It appears from the record that the appellant, Wolf Construction Company, was given a paving contract by the state highway department to pave a portion of State Highway No. 78 in Aiken County. It further appears that the appellant contracted with the said G. T. Fulmer and L. W. Boykin, Jr., to furnish sand for use in connection with the said paving; that Fulmer and Boykin purchased the sand from one R. G. Tarrant, to be gotten from the plantation of the said R. G. Tarrant, not far distant from the said road; that the said Boykin and Fulmer employed the plaintiffs to mind the said sand, that is, to dig it up and put it in condition to be transported by the said Boykin and Fulmer at a point on the said road agreed upon by the appellant and the said Boykin and Fulmer; and it is the contention of the plaintiffs-respondents that the appellant owes them for the labor performed in mining the said sand. As stated above, the appellant appealed to the Circuit Court from the judgment in the magistrate's Court awarded against it in favor of the plaintiffs, which judgment was affirmed by the Circuit Judge. Our examination of the record satisfies us that the appeal to this Court should be sustained, for a careful examination of the testimony introduced at the trial convinces us that there was no evidence adduced to show any contractual relation between the appellant and the plaintiffs as a basis for the claims made. Further, we fail to find any evidence that

the plaintiffs-respondents did any work at the instance of the appellant, or for which the appellant should be made to pay. The plaintiffs-respondents lay much stress upon the fact that the money they received from time to time for their labor was received in an envelope, on the back of which at the bottom, was printed the name of H. E. Wolf Construction Company, St. Augustine, Fla. The entire wording appearing on the envelope reads as follows:

"Date........                    No.........
"Name: Howard Williams    Amount $........
"Time........                    Deductions $........
                                "Total $........
                "For artistic and lasting construction
                              "Use
                            "Signal
                          "Mountain
                          "Portland
                           "Cement
                     "Signal Mountain
                "Portland Cement Company
                "Chattanooga, Tennessee
              " 'It Reigns where It's Poured'
           "H. E. Wolf, Construction Company
              "St. Augustine, Florida"

An officer of the appellant company testified that the company did not use these envelopes; that the same were furnished complimentary by a cement company, and not needing or using the same itself, let the said Boykin and Fulmer have them as a matter of accommodation; and that the appellant used other envelopes in paying off its laborers. We find testimony in the record in conflict with this explanation regarding the envelopes. The labor in question performed by the plaintiffs was at a place known as a sand pit on Mr. Tarrant's said plantation, and there was some testimony offered by one or more of the plaintiffs to the effect that they had on one occasion seen one or two of the officers of the Wolf Construction Company at that point.

The testimony of the appellant as to this was to the effect that the officer who went to this sand pit went there for the purpose of ascertaining whether or not Boykin and Fulmer had sufficient sand mined for the company to carry on its paving. All the testimony, so far as we are able to ascertain from the record, tends to show that Boykin and Fulmer employed the plaintiffs for the work they performed and paid the plaintiffs for the same except the balance they now claim to be owing to them. There is nothing in the record to the effect that the Wolf Construction Company paid any of the amounts to the plaintiffs which they received or had anything to do with it. It is true, as contended by the plaintiffs, that the sand mined by them was used in connection with the said paving contract; but the testimony is also clear that the Wolf Construction Company contracted with the said Boykin and Fulmer to furnish the same and there is no testimony, so far as we are able to ascertain from the record, tending to show that the Wolf Construction Company made any contract with the plaintiffs regarding the work in question or that the plaintiffs did anything at the instance of the Wolf Construction Company or that the Wolf Construction Company made any statement to the plaintiffs or committed any act to mislead the plaintiffs or cause them to think that they were working for the Wolf Construction Company or that they would receive their pay from the Wolf Construction Company for such work as they performed. During the course of the trial the question was asked some of the witnesses as to whether or not the construction company was under bond in connection with the said paving and whether or not the bond was liable to laborers such as the plaintiffs, for doing work in preparing the material to be used on the said road. If a bond was given in connection with the said contract, the same was not introduced in the record, or at least it does not appear in the record before us; neither is the contract between the construction company and the highway department before us. We, therefore, are not in a position to express an opinion regarding the liability

under the said bond, if a bond was given, and the contract between the highway department and the construction company referred to.

During the course of the trial it was developed that the said Mr. Tarrant, above mentioned, gave notice to the Wolf Construction Company to pay out no further funds to the said Fulmer and Boykin for the said sand for the reasons that the said Fulmer and Boykin owed him, the said Mr. Tarrant, a balance for the sand so purchased from him by Fulmer and Boykin. It further appears that at the time of receiving said notice from Mr. Tarrant the Wolf Construction Company was still due the said Fulmer and Boykin a sum of $1,038.43 and pursuant to that notice has not paid out to Fulmer and Boykin any sum since receiving the said notice and at the time of the trial had in hand the said amount of $1,038.43. The Circuit Judge took the position, it seems, that even if the plaintiffs were not employed by the Wolf Construction Company to perform the labor in question, the said construction company would still be liable to the said laborers for the reason that it had in hand the said sum of $1,038.43 belonging to Fulmer and Boykin, and for this reason affirmed the judgment of the several plaintiffs against the construction company. We are unable to agree with this position. Of course, it may be that by pursuing the proper legal course the plaintiffs could establish a lien against the said fund as well as the said Mr. Tarrant for what was due him by the said Fulmer and Boykin but the mere fact that the construction company has in hand a balance of money owing to Fulmer and Boykin furnishes no reason for giving the several judgments involved in this case against the construction company, which stands ready to turn over said sum of money in its posession to whom and whenever the Court may direct. It must be kept in mind that the several suits involved were not instituted for the purpose of acquiring a lien on the said sum of $1,038.43, but the suits were instituted for the

purpose of procuring judgment against the defendants in the amounts the plaintiffs alleged to be owing them.

It is true, as contended by respondents, the appellate Courts will affirm a judgment by a magistrate when by doing so substantial justice will be done, regardless of technical errors; but an appellate Court cannot affirm a judgment in a magistrate's Court unless there is some evidence to sustain the same, and, in our opinion, there was no evidence in this case to sustain the judgment of the lower Court.

The judgment is, therefore, reversed, and the cases remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.