13717

MILLER *ET AL.* v. CORNELL-YOUNG CO. *ET AL.*

(171 S. E., 790)

*Messrs. J. Stokes Salley* and *Jones, Johnston, Russell & Sparks,* for appellants,

*Messrs. A. J. Hydrick* and *J. Z. McConnell,* for respondents,

November 14, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Cornell-Young Company was awarded by the State Highway Department of South Carolina a contract for the construction of sections of a highway in Bamberg and Orangeburg Counties. The contractors entered into a contract with one S. E. Ferebe, by which Ferebe agreed to furnish them with the sand they needed for their work. Ferebe employed the plaintiffs to remove a house and the top soil from the pit from which he got the sand which he delivered to Cornell-Young Company, and which was used by them in the construction of the highway. Ferebe failed to pay the plaintiffs, who thereupon brought this action against. Cornell-Young Company and Maryland Casualty Company as surety on the bond which Cornell-Young Company gave to the State Highway Department.

The complaint alleges these facts, and alleges, further, that Cornell-Young Company employed plaintiffs to remove a house and to clear off other material situate over and upon large quantities of sand which was to be used, and which was used, in the construction of the highway under the terms of the contract with the State Highway Department, and agreed to pay plaintiffs for the work the sum of $118.80; they also allege that Maryland Casualty Company became surety to defendant on its bond to the Highway Department, and that a condition of the bond was all labor employed and all materials furnished or work done in and around and in connection with the project should be paid for by the principal.

The Cornell-Young Company, for answer to the complaint, admits the allegations of its corporate capacity; its contract with the State Highway Department for the construction of the highway in Bamberg and Orangeburg Counties; that Maryland Casualty Company was surety on its bond to the State Highway Department, which bond was to insure the faithful performance of each and every condition, stipulation, and requirement made by the contract between it and the Highway Department; it denied all other allegations of the complaint. For a second defense it alleged that, if plaintiffs performed the work as averred in the complaint, it was for and on behalf of S. E. Ferebe, who was an independent contractor acting solely for himself, and who was a materialman for this defendant from whom defendant purchased sand under a special contract, and that there was no privity of contract between plaintiffs and defendant; that this defendant has settled in full with S. E. Ferebe for furnishing the sand under the contract with him; that they never saw nor heard of plaintiffs before the commencement of this action, and had nothing to do with the removal of the house and other material from the sand pit.

The answer of Maryland Casualty Company was substantially the same as that of its co-defendant.

The case was heard by Judge Mann and a jury at the June, 1933, term of the Court of Common Pleas for Orangeburg County. At the conclusion of the taking of the testimony, a motion on behalf of defendants was made for the direction of a verdict. The motion was refused, and of his own motion Judge Mann directed a verdict for plaintiffs.

The appeal challenges the action of the trial Judge by six exceptions, with numerous subdivisions. In the opinion of this Court, if S. E. Ferebe was a subcontractor under Cornell-Young Company, there can be no question that Cornell-Young Company is liable to plaintiffs.

The record shows a written contract between Cornell-Young Company as principal and S. E. Ferebe by the terms of which Ferebe agreed to furnish all sand required for the paving with cement of sections of the described highway for which he was to be paid at the rate of 80 cents per ton.

A subcontractor is one to whom the principal contractor has, for a consideration, let the right to do a part of the work the principal has contracted to do. In this instance Cornell-Young Company contracted to construct a section of a highway. Constructing does not mean simply the manual labor and mechanical work expended in building the roadway. By the terms of the contract and specifications, it meant the providing of all the things necessary to doing the act of building the road—teams, carts, labor, material, etc. In the construction of this road it was necessary to have the ingredients which go to make up the cement with which the road was to be paved. The contract made it obligatory on the part of the Cornell-Young Company to furnish all these things. Sand was an essential ingredient. They contracted with S. E. Ferebe to furnish it. How can it be denied that he is a subcontractor? It is a provision of the contract between Cornell-Young Company and the State Highway Department, as evidenced by the specifications, that the "contractor is the party of the second part acting directly or through his agents, employees or sub-contractors." It is a condition of

the contract that Cornell-Young Company should not sublet any part of their contract without the written consent of the Highway Department, and it is shown that the Highway Department did not give its written consent to the subcontract with Ferebe. Does that free them from all liability to pay for the material furnished them and which went into the construction of the highway? A provision of the contract is that the contractor agrees at his own proper cost and expense to do all the work of the said improvement according to the specifications; to furnish *all labor, tools, machinery and materials necessary therefor,* except as provided in the specifications.

For the faithful performance of this contract the contractor gave bond in the sum of $86,199.75, with the Maryland Casualty Company as surety. The condition is that: "Cornell-Young Company shall in all things well and truly perform all the terms and conditions of the foregoing contract to be by them performed, and within the time therein provided, *and shall pay when and as due all lawful claims for labor performed or materials and supplies furnished for use in and about the construction of said highway.*" (Italics added.)

The provision that no part of the contract should be sublet without the written consent of the Highway Department was for the protection of the Department, and was designed to protect it from imposition by subcontractors of inferior capacity and inferior equipment to do the work. But the failure to procure that consent did not render the contract null and void as between the contractor and the subcontractor. In this instance the Highway Department has accepted the work from the contractor and settled with it. The Department is not concerned in this controversy.

In the case of *United States, for Use of Hill, v. American Surety Co.,* reported in 200 U. S., 197, 26 S. Ct., 168, 169, 50 L. Ed., 437, it appears that a federal statute required a person entering into a contract with the United States should

give a surety bond conditioned that the contractor "should promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work." A contractor let a portion of the work to a subcontractor who employed Hill to do certain work and to furnish certain materials. The subcontractor failed to pay Hill, who sued the surety on the contractor's bond. The Supreme Court of the United States sustained Hill's right to recover, and said: "If the contractor sees fit to let the work to a subcontractor, who employs labor and buys materials which are used to carry out and fulfil the engagement of the original contract to construct a public building, he is thereby supplied with the materials and labor for the fulfilment of his engagement as effectually as he would have been had he directly hired the labor or bought the materials."

This spirit is indicative of the large majority of cases throughout the many jurisdictions dealing with the subject. Our own case of *Molony & Carter Co. v. Pennel & Harley,* 169 S. C., 462, 169 S. E., 283, reproduces the spirit and letter of the majority opinion on the subject, and that case is controlling of this one. In that case the contractors gave written notice to those who furnished supplies (horse and mule feed) to the subcontractor that they would not be responsible therefor. Nevertheless, it was held that the contractors and the bond given by them to the Highway Department were liable to the persons furnishing such supplies to the subcontractor, and that they might bring their action directly on the bond.

In the case of *United States, for Use of Hill, v. American Surety Co.,* it was said: "It is easy for the contractor to see to it that he and his surety are secured against loss by requiring those with whom he deals to give surety by bond, or otherwise, for the payment of such persons as furnish work or labor to go into the structure."

It is needless to cite other authorities; it is sufficient to refer to those collated in the case of *Molony & Carter v. Pennell & Harley, supra.*

At first blush it would appear that there is a conflict between this ruling and that of *Pennington et al. v. Wolf Construction Co. et al.,* reported in (S. C.), 171 S. E., 45. But upon analysis of the facts and procedure in that case the seeming conflict disappears. Wolf Construction Company had a contract to construct a section of highway in Aiken County; they contracted with Fulmer & Boykin to furnish the sand needed in the work; Fulmer & Boykin employed the plaintiffs to mine the sand, and failed to pay them. Wolf Construction Company completed its contract, and was about to move away, out of the State. Plaintiffs brought actions in the Magistrate's Court, and attached the property of the construction company. They combined as defendants along with the construction company, the State Highway Department, and Fulmer & Boykin, and had judgment against all of them. The Circuit Court affirmed it as to Wolf Construction Company and dismissed it as to the others. The construction company appealed, and the judgment of the Circuit Court was reversed. The plaintiffs had alleged and undertook to prove that Wolf Construction Company had employed them to mine sand, and that the work was being done directly by and for the construction company. The Court held that the proof did not sustain these allegations. Mr. Justice Carter, delivering the opinion of the Court, said: "During the course of the trial the question was asked some of the witnesses as to whether or not the Company was under bond in connection with the said paving, and whether or not the bond was liable to laborers such as the plaintiffs for doing work in preparing the material to be used on the said road. If a bond was given in connection with the said contract the same was not introduced in the record, or ot least it does not appear in the record before us; neither is the contract between the Construction Company and the Highway Department before us. We, therefore, are not in a position to express an opinion regarding the liability under the said bond, if a bond was given, and the contract between the Highway Department and the Construction Company referred to."

In the present case the contract and bond are pleaded and put in evidence, and it is manifest that Cornell-Young Company, as contractor, and Maryland Casualty Company, as surety, are sought to be held liable to plaintiffs under the provisions of these two instruments.

The differentiation of the two cases is easily perceived.

The exceptions are overruled, and the judgment appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice W. C. Cothran concur.