PEOPLE, *for use of* BELSON MANFG. CO., *v.* WAYNE ELECTRIC MOTOR CO.

1. APPEAL AND ERROR—PLEADING—PUBLIC WORKS—SUBCONTRACTOR.
   In action against contractor, who erected public school building, and surety on its performance bond, claim made on appeal that plaintiff furnished material and equipment used in the building, as subcontractor, need not be considered where such claim was not alleged in declaration, no amendment therefor was asked or permitted and trial judge stated no recovery might be had on such theory.

2. PRINCIPAL AND SURETY—PUBLIC WORKS CONSTRUCTION BOND.
   Contractor, erecting public school building, who purchases material and equipment from a jobber is not required to protect himself against liability by investigation as to whether jobber has paid for it to person from whom he purchased it (3 Comp. Laws 1929, § 13132 *et seq.*).

3. SAME—PARTIES—PUBLIC WORKS CONSTRUCTION.
   One who furnished material to jobber who was under contract with contractor erecting public school building to furnish same *held,* not within protection of contractor's performance bond (3 Comp. Laws, 1929, § 13132).

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 4, 1934. (Docket No. 78, Calendar No. 38,039.) Decided December 10, 1934.

Assumpsit by People of the State of Michigan, for the use of Belson Manufacturing Company, an Illinois corporation, against Wayne Electric Motor Company, a Michigan corporation, and Fidelity & Deposit Company of Maryland, a Maryland corporation, for sums allegedly due for material and equipment furnished in construction of school. Judgment for defendants. Plaintiff appeals. Affirmed.

*Welsh, Bebout, Hill & Lee,* for plaintiff.

*Mark L. Rowley,* for defendants.

NELSON SHARPE, C. J.  On October 2, 1930, the
board of education of the city of Detroit entered into
a contract with the defendant Wayne Electric Motor
Company, wherein the motor company agreed to
furnish and install certain electric light and radio
equipment for the Chadsey High School building
and power plant in accordance with the plans and
specifications therefor, for the sum of $51,460.  On
the same day, the motor company executed a bond
to the people of the State of Michigan in the sum of
$51,460 for the faithful performance of said contract
by it, with the defendant Fidelity & Deposit Com-
pany of Maryland as surety.

The Belson Manufacturing Company, of Chicago,
had a local sales agent in Detroit, Thomas W. Butler.
He examined the specifications for the lighting
equipment and secured an order from the motor
company to the Belson company for a part thereof,
which it declined to accept "because of a matter of
credit situation, their credit wasn't approved." The
H. M. Hopkins Electric Company at that time was a
"jobber" in Detroit, handling electric equipment.
It appears that an arrangement was made between
this company and the Belson company whereby the
Hopkins company ordered certain electric equip-
ment from the Belson company, and it was shipped
to it and turned over to the motor company and in-
stalled by it in the building.  The total purchase
price thereof was $1,521.13, of which amount the
Hopkins company was entitled to a 10 per cent. com-
mission.  Plaintiff here seeks to recover on the bond
of the motor company the balance thereof, $1,369.02,

and interest, under the provision in Act No. 187, Pub. Acts 1905, as amended by Act No. 167, Pub. Acts 1927, the same being 3 Comp. Laws 1929, § 13132 *et seq*. On trial before the court without a jury, the defendants had judgment, from which the plaintiff has taken this appeal.

Section 13132 reads as follows:

"When public buildings or other public works are about to be built, repaired or ornamented under contract at the expense of the State, or of any county, city, village, township or school district thereof, it shall be the duty of the board of officers or agents, contracting on behalf of the State, county, city, village, township or school district, to require sufficient security by bond for the payment by the contractor of all subcontractors and for the payment for all labor performed and materials and certain supplies furnished and used in the erection, repairing or ornamenting of such public buildings or works."

Section 13134 provides for the form of the bond to be given by the contractor, and section 13135 for recovery under it.

Plaintiff contends that (1) he is entitled to recover as a subcontractor, but, if not, (2) then for materials furnished and used in the construction of the building.

1. There was no allegation in the declaration to support the claim here made that the material and equipment were furnished by plaintiff as a subcontractor. The trial court so found, and in his opinion stated that "if the plaintiff could recover under this theory, I think it would not be too late perhaps to amend but I am satisfied that plaintiff cannot recover on that theory either." He, however, then discussed its claim as a subcontractor, and reached

the conclusion stated. No amendment was asked for, or permitted to be made, and plaintiff's rights in this respect need not be further considered.

2. The material for which the plaintiff seeks to recover consisted of electric lights. One of the orders for them sent by the Hopkins company to the plaintiff stated that they were "to be furnished as per architect's specifications for Chadsey High School." It instructed plaintiff to "ship to us" and "charge to us." The other order contained the same direction as to shipping and charging. The shipments were so made and the lights delivered by the Hopkins company to the motor company. The record is barren of any information as to the dealings between the Hopkins company and the motor company under which these deliveries were made. It does appear that the lights were installed by the motor company. The only inference which may fairly be drawn is that the motor company purchased them from the Hopkins company and paid it therefor.

Surely, a contractor who purchases certain equipment from a jobber is not required to protect himself against liability by investigation as to whether the jobber has paid for it to the person from whom he purchased it.

Our mechanics' lien law (3 Comp. Laws 1929, § 13101 *et seq.*) provides in the first section thereof for a lien upon the building for materials furnished in the erection thereof.

"The word 'material-man' as used in this act, shall be construed to include all persons by whom any materials are furnished in or for building, altering, improving, repairing, erecting or ornamenting, or putting in any house, building, machinery, wharf or other structure or walk or walks." 3 Comp. Laws 1929, § 13129.

In *Hart* v. *Reid,* 243 Mich. 175, it was held that this act "does not extend beyond its express terms, and cover a material-man who furnishes materials in pursuance of a contract with another material-man who furnishes materials in pursuance of a contract with a subcontractor under the original contractor."

The judgment is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.