P. L. MARSH *et al. v.* A. G. ROTHEY *et al.*

(No. 8292)

Submitted February 11, 1936. Decided February 18, 1936.

*W. K. Pritt,* for appellants.

*D. E. Cuppett, D. E. Cuppett, Jr., J. P. Scott* and *Denny F. Scott,* for appellees.

HATCHER, PRESIDENT:

This suit depends upon whether one who sold crushed stone to a structural contractor should be classed as a subcontractor or a materialman.

The plaintiffs worked for, or furnished materials to, Foster Bland, while he was engaged in the preparation and delivery of crushed stone to defendant, A. G. Rothey. The latter was constructing a dam for the city of Parsons. Rothey paid Bland in full, but Bland did not settle with the plaintiffs. They recovered herein a decree in the circuit court against Rothey and his surety, the defendant Seaboard Surety Company, for the several balances due them from Bland. The plaintiffs contend that Bland was a subcontractor, and for that reason, Code 38-2-39 (construed in terms of the Mechanic's Lien statute, 38-2-2, as directed by *Motor Company* v. *Casualty Company,* 109 W. Va. 67, 152 S. E. 860) gives them liens against Rothey and his surety. Defendants contend that Bland was a materialman and that his employees are not protected by the statute.

Rothey paid a unit price per cubic yard for delivered stone. None of the plaintiffs were employed by, or had any contractual relations with, him during the period in question. None took part in the actual construction of the dam. He did not own the stone crushing plant and had no supervision over the plaintiffs or over Bland's work.

This dam was a P.W.A. project, and Bland's contract with Rothey made reference to that fact and required Bland to abide by the P.W.A. rates and hours of labor. Most of the plaintiffs were certified for employment by the National Re-employment Service. Their counsel stress those circumstances as bearing upon the relation between Rothey and Bland. The only bearing any of those facts have is the following definition in the P.W.A. specifications: "The term subcontractor, as employed

herein, includes only those having a direct contract with the contractor and includes one who furnishes material worked to a special design according to drawings and specifications of this work, but does not include one who merely furnishes material not so worked." That definition opposes the contention that Bland was a subcontractor; for while the stone was crushed to specified sizes, it was not "worked to a special design according to drawings" of the work.

Counsel place some reliance on a provision in the Bland-Rothey contract giving Rothey the right to take charge of Bland's plant in case of his default. That provision was dormant so long as Bland performed his contract. Therefore, the provision conferred a right upon Rothey without changing, in any particular, the standing of Bland as, and while, a furnisher of material.

Counsel emphasize the provisions of Code, 38-2-2, and 38-2-39, which afford protection for those who shall furnish any material or do any work necessary to the completion of such a structure. 38-2-2, however, specifies that the material shall be furnished and the work done under a contract with either the general contractor or a subcontractor. Material furnished to, or work performed for, a materialman is not so protected.

Our statute does not in terms define either a subcontractor or a materialman. A subcontractor, ordinarily, is one to whom the principal contractor sublets a portion or all of the contract itself. *Collins* v. *Board*, 72 W. Va. 583, 79 S. E. 10; *Trust Co.* v. *Railway Co.*, 127 Ind. 250, 26 N. E. 784, 11 L. R. A. 740; *Miller* v. *Cornell-Young Co.*, 171 S. C. 228, 171 S. E. 790; *Y. M. C. A.* v. *Gibson*, 58 Wash. 307, 314, 108 P. 766. A materialman, ordinarily, is one from whom the principal contractor or a subcontractor secures material of a general type, for use on the structure. 40 C. J. subject Mechanics' Liens, section 142. Bland was clearly a materialman. "One who contracts to furnish, from his own screening plant, at so much per yard, all the sand and gravel needed for cement work by a contractor on an irrigating canal is not a subcontractor, but a materialman." *Baker* v. *Yakima Co.*,

77 Wash. 70, 137 P. 342. Under our statute, Bland himself, as a furnisher of material necessary to the construction, was secured by Rothey's bond; but, unfortunately for plaintiffs, the statute does not extend that security to those who prepared the material for Bland.

The decree is reversed and the bill dismissed.

*Reversed; bill dismissed.*