149 N.W.2d 69 (1967)
KINNEY ELECTRICAL MANUFACTURING COMPANY, a Corporation, Plaintiff and Appellant,
v.
MODERN ELECTRIC COMPANY, Inc., and the Fidelity and Casualty Company of New York, Defendants and Respondents.
Civ. No. 8383.
Supreme Court of North Dakota.
March 2, 1967.
*70 Whittlesey, Pancratz & Wold, Fargo, for plaintiff and appellant.
Stiening, Olson, Thysell & Gjevre, Moorhead, Minn., and Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendants and respondents.
STRUTZ, Judge.
The defendant Modern Electric Company, Inc., hereinafter referred to as "Modern," was the contractor for installation of electrical work in North High School of Fargo. As required by law, the defendant Modern furnished a contractor's bond, with the defendant The Fidelity and Casualty Company of New York as surety. This bond provided, among other things, that Modern would fully and faithfully perform all of the terms, conditions, and provisions of the said contract with the Board of Education of Fargo for installation of electrical work in the building of North High School and would pay all bills and claims for labor and material furnished and used in the performance of such contract, including all demands of subcontractors.
Modern thereafter ordered electrical materials and supplies needed to carry out its obligations under the contract with the Board of Education, from Midway Electrical Company, hereinafter referred to as "Midway." To fill the order placed by Modern, Midway ordered such materials and supplies from the plaintiff in this action. The plaintiff delivered such materials and equipment directly to the building site in Fargo and then billed Midway for the same. Midway thereafter billed Modern, and was paid. However, Midway became insolvent and went into bankruptcy and did not pay the plaintiff for the equipment and materials which it had ordered and which the plaintiff had delivered. The plaintiff brings suit against Modern and against Modern's public contractor's bond, claiming that it is entitled to recover for such materials and equipment so furnished under the provisions of such bond.
Section 48-01-01, North Dakota Century Code, provides for a public contractor's bond *71 to be posted by any person making public improvements. That section reads as follows:

"Bonds from contractors for public improvements.Every public officer or board authorized to enter into a contract for the erection, repair, or alteration of any public building or any other public improvement, except a municipal improvement made under special assessment statutes, before permitting any work to be done on such contract, shall take from the contractor a good and sufficient bond for an amount equal at least to the price stated in the contract, conditioned to be void if the contractor and all subcontractors shall fully perform all terms, conditions, and provisions of the contract and shall pay all bills or claims on account of labor and materials, including supplies used for machinery and motor power equipment, performed, furnished, and used in and about the performance of said contract, including all demands of subcontractors. Such bond shall stand as security for all such bills, claims, and demands until the same are fully paid, labor and materialmen to have preference as to payment. Said bond shall run to the state of North Dakota, but any person having a lawful claim against the contractor, or any subcontractor, as provided in this chapter, on account of labor, materials, or supplies, or for a breach of said contract, may sue in his own name on said bond with like effect as though it were payable to him."
The plaintiff contends that it has furnished such electrical equipment and materials needed in the construction of such public building and that it is entitled to recover payment for the same under the provisions of the contractor's bond. It contends that it furnished such materials, supplies, and equipment to Midway, and that, under the circumstances, Midway is a subcontractor within the provisions of the contractor's bond and the statute requiring the posting of the same.
The trial court held that Midway was not a subcontractor under the facts and circumstances but was, in fact, a materialman and a supplier of equipment, and thus is not covered by the public contractor's bond posted by the defendant Modern as required by law. Judgment was entered for the defendants, dismissing the plaintiff's complaint. The plaintiff now appeals from the judgment so entered and demands trial de novo in this court.
In requiring a public contractor's bond, as provided for in Section 48-01-01, the Legislative Assembly had a definite purpose in mind. It wanted to make certain that all persons who furnished materials, supplies, equipment, and labor to any contractor or subcontractor in connection with the erection, repair, or alteration of any public building, or any public improvement, would be paid therefor. It placed upon the one furnishing such bond the duty and obligation of seeing that such materials, supplies, and labor are paid for by the contractor or subcontractor. The defendants in this action maintain that this obligation was fulfilled when Modern paid Midway for the materials, supplies, and equipment which it had purchased from Midway, and that Midway's failure to pay the plaintiff did not create any liability under the bond requiring Modern to pay for such materials a second time.
The plaintiff, on the other hand, contends that Midway was, in fact, a subcontractor and that, because it was a subcontractor, the plaintiff was guaranteed payment for all materials supplied to Midway by the plaintiff, or anyone else, under the public contractor's bond posted by Modern.
Our first consideration, then, is to determine whether Midway was, in fact, a subcontractor, or whether it was a mere supplier of materials as determined by the trial court. The law which provides for the posting of a public contractor's bond does not define the term "subcontractor" as used in that section. No definition of the term can be given which will apply to *72 all circumstances. So we must try to determine what the Legislative Assembly intended to accomplish by the use of the expression "including all demands of subcontractors" in the statute referred to.
Our mechanic's lien law does define the term "subcontractor" as used in that statute. Sec. 35-27-01, Subsec. 6, N.D.C.C., as amended. But this action is not brought under the mechanic's lien law. Here, the plaintiff asserts its claim against the bond posted by Modern under the law providing for a public contractor's bond, Chapter 48-01, North Dakota Century Code, and this chapter does not in any way define what is meant by "subcontractor."
In the absence of a specific definition in the statute providing otherwise, a subcontractor ordinarily is one who contracts with the original contractor to perform a part of the work which the contractor himself has contracted to perform. Fitzgerald v. Neal, 113 Or. 103, 231 P. 645; M & M Enterprises v. Kaul (Okl.), 383 P.2d 621.
Minnesota has defined "subcontractor" as one who is engaged to perform under the contractor some part of the original contract. Moorhead v. Grassle, 254 Minn. 103, 93 N.W.2d 678.
In the absence of a specific statutory definition, other courts have adopted a similar meaning of the term "subcontractor." Marsh v. Rothey, 117 W.Va. 94, 183 S.E. 914; Roland v. Lloyd E. Mitchell, Inc., 221 Md. 11, 155 A.2d 691; Miller v. Cornell-Young Co., 171 S.C. 228, 171 S.E. 790; Fosburgh Co. v. Hampden County, 204 Mass. 494, 90 N.E. 851; Gaydos v. Packanack Woods Development Co., 64 N.J.Super. 395, 166 A.2d 181; Johnson v. O-Kay Turkeys, Inc. (Okl.), 392 P.2d 741, 743.
In the case before us, as already pointed out, the statute does not define the term "subcontractor." Midway was to perform no part of the contract which Modern had entered into with the Board of Education. Midway merely had contracted with Modern to furnish certain electrical materials, supplies, and equipment needed in the erection of North High School. Under the circumstances of this case, we believe Midway was only a supplier of materials, and not a subcontractor. People for use of Belson Mfg. Co. v. Wayne Electric Motor Co., 269 Mich. 537, 257 N.W. 877; Republic Creosoting Co. v. Foulkes Contracting Co., 103 Ind.App. 457, 8 N.E.2d 416; MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L. Ed. 1163 (1944).
The purpose of Section 48-01-01 is to assure those who furnish materials, supplies, or labor to a contractor or subcontractor who is erecting a public building or making public improvements, that such materials and labor will be paid. Midway furnished such materials and supplies in this case, and Midway was paid. The purpose of the furnishing of the bond was accomplished when Midway received payment for the materials which it furnished. The statute was not enacted to protect every remote materialman who deals with one who in turn deals with a contractor or subcontractor erecting a public building or making public improvements. That would require a bond to guarantee that even the most remote person who had supplied materials which have eventually gone into a public building or public improvement would be paid, even though such person had no dealings with the contractor or subcontractor erecting the building or making the improvements.
The record in this case discloses that Midway, which had furnished the electrical materials, supplies, and equipment to Modern, has been paid. The obligation of the bond has been fulfilled, and there is no further liability on the part of either Modern or its bond to see that Midway pays its debts.
The judgment of the district court is affirmed.
TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.