448 So.2d 1113 (1984)
Leland WOLFORD and Joyce W. Wolford, Appellants,
v.
Leslie W. SAPP, Appellee.
No. AR-15.
District Court of Appeal of Florida, First District.
April 3, 1984.
Rehearing Denied May 2, 1984.
Dale E. Rice, Crestview, for appellants.
Gillis E. Powell, Sr., of Powell, Powell & Powell, Niceville, for appellee.
SHIVERS, Judge.
The Wolfords appeal the order of the trial court which awards appellee, Sapp, a lien on certain real property owned by the Wolfords. Appellants raise numerous points on appeal, one of which merits discussion. We affirm.
*1114 Appellee is a surveyor, and he performed survey work on the subject property prior to September 1979. The purpose of this survey work was to accomplish a complete resurvey of the entire tract of land and a complete replatting because the county had taken an additional amount of property along the side of an existing right-of-way subsequent to a prior survey of the property. Appellee's resurvey resulted in a plat dated September 5, 1979. A bill for $3,600 dated September 14, 1979, was submitted to appellant, Leland Wolford. This bill was never paid.
Appellants' plan was to have the subject property approved as a subdivision so that lots could be sold as one acre parcels. The September 5, 1979, plat prepared by appellee was submitted to the county, but the county rejected the drawing as inadequate under its subdivision regulations.
Several weeks after the submission of the September 14, 1979, bill, appellee was contacted by realtor David Russell, an agent of appellants, to perform additional survey work concerning the subject property. The additional work included a redesign and replatting of the entire tract resulting in a linen plat in order to meet the requirements of the Board of County Commissioners so that a subdivision plat of the subject property could be officially accepted by the Board and recorded in the public records of the county. Appellee performed this additional work, delivered the required drawings to Russell, and submitted a bill for $7,500 dated January 18, 1980, to Russell who forwarded it to appellants. The $7,500 bill included the $3,600 from the September 14, 1979, bill which was unpaid. The $7,500 bill also went unpaid, and appellee filed a claim of lien on April 15, 1980.
Section 713.08(5), Florida Statutes (1979) provides, inter alia, that a claim of lien may be recorded at any time during the progress of the work or thereafter but not later than 90 days after the final furnishing of the labor or services or materials by the lienor. Appellants contend that this 90-day time period had expired in regard to the work which resulted in the $3,600 bill submitted September 14, 1979. We think, however, that the additional work undertaken by appellee was a continuation of the work which resulted in the bill of September 14, 1979. It was the county's rejection of the September 1979 plat which made it necessary to have the additional survey work done. The question of when the final furnishing of labor or services or materials has taken place is a question of fact to be resolved by the trier of fact. The test is whether the work was done in good faith, within a reasonable time, in pursuance of the terms of the contract, and whether it was necessary to a "finished job." Aronson v. Keating, 386 So.2d 822 (Fla. 4th DCA 1980). In the instant case, the additional survey work done by appellee fulfills the requirements of this test. Therefore, the judgment of the trial court is AFFIRMED.
MILLS and ZEHMER, JJ., concur.