Mike **KUCHENSKI**, d.b.a. Mike's Excavating Service, Plaintiff and Appellant,

v.

**KRAMER SHEET METAL, INC.**, a corporation, and **Great American Insurance Companies**, a corporation, Defendants and Appellees.

Civ. No. 10932.

Supreme Court of North Dakota.

Nov. 21, 1985.

Freed, Dynes, Reichert & Buresh, Dickinson, for plaintiff and appellant; argued by George T. Dynes.

Howe, Hardy, Galloway & Maus, Dickinson, for defendants and appellees; argued by Michael J. Maus.

LEVINE, Justice.

Mike Kuchenski appeals from a judgment dismissing his action on a performance bond for failing to timely file notice pursuant to North Dakota Century Code § 48–02–15. We affirm.

In 1982 Kramer Sheet Metal, Inc., contracted with Dickinson Public School District No. 1 to provide mechanical work for the construction of a school. Kramer subcontracted the plumbing and excavation work to Dickinson Plumbing and Heating, Inc. (Dickinson Plumbing), which in turn subcontracted the excavating to Kuchenski.

Dickinson Plumbing was paid by Kramer for the excavation work but it did not in turn pay Kuchenski. Consequently, in the spring of 1983 Kuchenski served Kramer with a notice of mechanic's lien asserting that he had completed the excavation work on December 2, 1982.

Although not yet paid for the excavation work, Kuchenski returned to the job site in the summer of 1983 to replace a temporary water main, compact and level the gravel covering the water main and raise the level of the sewer cleanouts. In October 1983 Kuchenski notified Kramer of his intention to seek payment from Kramer's performance bond pursuant to NDCC § 48–02–15.[1] Unable to recover from Kramer's bond, Kuchenski instituted this action.

Section 48–02–15 provides that any person who has not been paid in full after furnishing labor or materials for work for a school district, and who has a direct contractual relationship with a subcontractor but not with the general contractor furnishing a bond under NDCC ch. 48–02, has a right of action on the bond only upon giving written notice to the general contractor within 90 days from the date the person completed his contribution.

The trial court concluded that Kuchenski's contribution was completed on December 2, 1982 and therefore his October 1983 notice was not timely. Kuchenski claims that his contribution was completed in the summer of 1983 and consequently his notice was timely.

The dispositive question is when did Kuchenski complete his contribution to the school construction. If Kuchenski's work in the summer of 1983 completed his contribution his notice was timely. However, if December 2, 1982 was the date he completed his contribution his notice was late and his action is barred.

The trial court concluded as a matter of law that Kuchenski's contribution was completed on December 2, 1982. Whether or not a particular determination is a finding of fact or conclusion of law will be determined by the reviewing court. *Martinson Bros. v. Hjellum*, 359 N.W.2d 865 (N.D. 1985). The determination of the date of completion for the purpose of filing a mechanic's lien, a situation sufficiently analagous to this case to provide guidance and authority, is a question of fact. *B.D. McGillicuddy Const. Co., Inc. v. Knoll Recreation Ass'n, Inc.* 31 Cal.App.3d 891,

---

1. Section 48–01–01 required Kramer as general contractor to furnish a bond as security for all bills and claims of subcontractors.

107 Cal.Rptr. 899 (1973); *American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co.*, 31 Colo.App. 240, 503 P.2d 163 (1972); *Wolford v. Sapp*, 448 So.2d 1113 (1984); *J. Propes Elec. Co. v. DeWitt-Newton, Inc.*, 97 Mich.App. 295, 293 N.W.2d 801 (1980). Consequently, we will treat the trial court's determination that December 2, 1982 was the date Kuchenski completed his contribution as a finding of fact subject to North Dakota Rule of Civil Procedure 52(a).

To determine whether or not this finding was clearly erroneous we turn for guidance to cases interpreting the Miller Act, 40 U.S.C. § 270b(a), a statute after which NDCC § 48–02–15 was modeled. *See* Legislative Council file on House Bill 1459, Forty-third Session, 1973.

The test used under the Miller Act to determine when a subcontractor's contribution is complete, thus triggering the commencement of the 90-day notice period, is whether the last material or labor furnished is done as part of the original contract or merely to correct defects or to make repairs. *United States v. Andrews*, 406 F.2d 790 (4 Cir.1968); *United States v. Hesselden Construction Co.*, 404 F.2d 774 (10 Cir.1968); *United States Etc. v. DeMatteo Const. Co.*, 467 F.Supp. 22 (D.C.Conn. 1979).

■ Here the trial court determined that Kuchenski completed his contribution on December 2, 1982, because it viewed his subsequent efforts as in effect remedying defects in his original work.

In the spring of 1983 Kuchenski served Kramer a notice of mechanic's lien, which Kuchenski later admitted was invalid, stating that he had completed his work on December 2, 1982 and demanding full payment. However, despite these assertions and the fact that he had not yet been paid, Kuchenski returned to the job site that summer. At that time he replaced a temporary water main with a permanent fitting and compacted and leveled the ground covering the water main. Kuchenski had originally installed the temporary fitting in order to connect a contractor's trailer with the water system. Installing the temporary fitting was not required by Kuchenski's contract with Dickinson Plumbing but rather was done pursuant to a separate agreement between Kuchenski and another contractor. At that time Kuchenski also had to raise several sewer cleanouts because initially he did not install them at their proper grade.

Our review of the record persuades us that the question is close and the evidence balanced. It does not, however, leave us with a firm and definite conviction that the trial court made a mistake in finding that Kuchenski's work in the summer of 1983 was done to remedy defects in his original work and that he completed his contribution on December 2, 1982. Therefore, the ninety-day notice period commenced on that day rendering Kuchenski's October 1983 notice untimely.

■ Kuchenski's next argument, however, is that even were his notice untimely, NDCC § 48–01–01 imposed an affirmative duty upon Kramer to insure that he was paid. Thus, Kuchenski maintains that Kramer was obligated to do more than simply pay Dickinson Plumbing and assume Kuchenski would in turn be paid. Kuchenski suggests that Kramer could have satisfied this obligation by either paying him jointly with Dickinson Plumbing, withholding payment to Dickinson Plumbing until notified that he had been paid, or informing him about the bond. Because Kramer failed to take such measures Kuchenski asserts that he should be allowed to recover against the bond.

To support these contentions Kuchenski cites language in *Kinney Electrical Mfg. Co. v. Modern Electric Co.*, 149 N.W.2d 69, 71 (N.D.1967):

"In requiring a public contractor's bond, as provided for in Section 48–01–01, the Legislative Assembly had a definite purpose in mind. It wanted to make certain that all persons who furnished materials, supplies, equipment, and labor to any contractor or subcontractor in connection with the erection, repair, or alter-

ation of any public building, or any public improvement, would be paid therefor. It placed upon the one furnishing such bond the duty and obligation of seeing that such materials, supplies, and labor are paid for by the contractor or subcontractor."

While we agree with this general proposition, we do not believe it can be fairly transposed to the concrete facts presented here to place an affirmative duty upon general contractors to see that subcontractors are paid, regardless of compliance with § 48–02–15.

Section 48–01–01 protects persons supplying labor and materials for public improvements against failure of contractors to pay. It is remedial in nature. However it does not guarantee payment. Recovery from a bond furnished pursuant to § 48–01–01 is expressly conditioned by the notice requirement contained in § 48–02–15. Timely notice by a subcontractor is therefore a condition precedent to recovery against the bond. *United States v. A & L Mechanical Contractors, Inc.,* 677 F.2d 383 (4 Cir.1982); see cases collected in 69 A.L.R.Fed. 600, § 3[a]. To conclude otherwise would necessitate interpreting § 48–02–15 as a useless legislative enactment. This we cannot do. Statutes must be interpreted to have some meaning, for the law neither does nor requires idle acts. *Keyes v. Amundson,* 343 N.W.2d 78 (N.D.1983).

We conclude there was no affirmative obligation for Kramer to insuré that Kuchenski was paid where Kuchenski failed to give timely notice under NDCC § 48–02–15.

Other issues raised by Kuchenski do not affect our decision.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and VANDE WALLE, JJ., concur.