In re STARLIGHT HOMES, INC., Debtor.

Robert E. Tardif, Jr., Trustee, Plaintiff,

v.

Meiser Concrete Systems, Inc., Defendant.

Bankruptcy No. 02–14837–9P7.
Adversary No. 03–65.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

July 2, 2003.

Robert E. Tardif, Jr., Ft. Myers, FL, pro se.

William M. Powell, Cape Coral, FL, for defendant.

Michelle Erin Berthiaume, Ft. Myers, FL, for debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OF OPINION

ALEXANDER L. PASKAY, Chief Judge.

On July 30, 2002, Starlight Homes, Inc. (Debtor) filed its voluntary Petition for

Relief under Chapter 11. Because of an inability to proceed with its reorganization efforts, the Chapter 11 case was converted to a Chapter 7 case. In due course, Robert E. Tardif, Jr. was appointed and is currently acting as the Chapter 7 Trustee (Trustee) in charge of the administration of this Chapter 7 case. The matter under consideration is a claim presented by the Trustee in this adversary proceeding, bearing number 03–65 in a Complaint filed against Meiser Concrete Systems Inc. (Meiser) to void a State of Florida construction lien on certain property of the Debtor (Property). The Property is located at 2809 S.W. 45th Street, Cape Coral, Florida, and is legally described as Lots 25 & 26, Block 4983, Unit 73, Cape Coral Subdivision recorded in Plat Book 23, Page(s) 27–40, inclusive, in the Public Records of Lee County, Florida.

In the one Count Complaint, the Trustee contends that a lien filed against the Property is invalid and unenforceable pursuant to 11 U.S.C. § 545. This contention is based on the proposition that, according to the Trustee, the lien claimed by Meiser was not perfected because the claim of lien was not placed on the public records against the Property within the 90 days required by Florida Statutes Section 713.08.

*Fla. Stat.* § 713.08(5), Claim of Lien, prescribes:

> The claim of lien may be recorded at any time during the progress of the work or thereafter, but not later than 90 days after the final furnishing of labor or services or materials by the lienor.

In due course, Meiser filed its Answer, which contained some general admissions, including that its claim of lien was recorded on July 23, 2002. However, Meiser contended that the claim of lien contained a scrivener's error, which misidentified the last date worked by Meiser. Meiser asserts that the claim of lien erroneously listed April 11, 2002 as the last date of furnishing labor and/or materials when in fact; the last day of work was April 26, 2002. Meiser urges that the lien was thereby rendered valid because it would then be recorded two days prior to the expiration of the 90 days from the last day of furnishing labor to the Property. Meiser's Answer was coupled with a pleading entitled First Affirmative Defense but which was, in fact, not an Affirmative Defense but merely set forth the nature of the work allegedly performed by the employees at Meiser on April 26, 2002 on the Property.

At the final evidentiary hearing, this Court heard testimony of witnesses and having considered the same together with the documentary evidence offered and admitted into evidence now finds and concludes as follows:

At the time relevant, the Debtor was engaged in the business of building and developing residential homes in Cape Coral, Florida. The Debtor was the owner of the Property located in Cape Coral, Florida. In connection with the construction of a home on the Property, the Debtor entered into a contract with Meiser for the performance of concrete and masonry work, including the forming and pouring of the tie beam for the home. Meiser subcontracted the tie beam work to T.M. Tie Beams, Inc. (TM). It is without dispute that on March 13, 2002, Meiser billed the Debtor the sum of $20,540 for all of the concrete and masonry work performed on the Property. (Ex. 3 to Pl.'s Disclosure of Witness and Exhibits—Doc. No. 11). There is evidence in this record to indicate that Meiser's standard practice was to bill out a job when the tie beam was poured. TM billed Meiser after completion of the job on April 9, 2002 (Ex. 2 to Pl.'s DW & E). On July 23, 2002, Meiser recorded a

claim of lien against the Debtor's Property in the amount of $20,540. (Pl.Ex. 1). According to a claim of lien that was on record, the last day Meiser performed labor or rendered services on the Property was on April 11, 2002.

The facts as recited above are basically without dispute. However, this is the point where the parties' agreement ends. According to the video deposition testimony of Todd Meiser (Df.'s Ex. 2), who was Vice President, partner, and operations manager of Meiser, he visited the property on April 26, 2003 and during the visit, conducted a visual inspection and took some measurements to assure that the work was done pursuant to the specifications. He testified that he spent approximately twenty minutes on the job site. In support of the claim that Mr. Meiser visited the job site, rendered services, and worked on the Property on April 26, 2002, Meiser offered into evidence a hand written document identified as a "schedule sheet" for the Property (Df.'s Ex. 1 to Depo of Meiser, Df.'s Ex. 1).

Mr. Meiser testified in his deposition that he prepares such schedules for all of his jobs and keeps them in his vehicle as a way of keeping track of the many steps involved in the thirty to forty jobs Meiser may be handling at one time. He testified that while he was visiting the Property, he called in a crew of four men, who spent approximately half an hour to correct a blow out on the back patio, perform some chipping and stripping of excess concrete, and general site clean-up work.

Mr. Meiser claims to have paid the crew on the job site for the work performed on April 26, 2002. However, there was no documentation of this transaction, payroll records, or receipts to show there was actually payment made on the job site to the four members of the crew who were supposed to have worked on the site for half an hour. None of the crew was called as a witness, and according to Mr. Meiser, none of the crew was available because they were from Mexico and not regular employees of Meiser.

It appears that on March 3, 2003, the Trustee filed a Request for Production of Documents by Plaintiff (Doc. No. 8) and requested *inter alia* "any and all letters, notes, memoranda or any other documents that reflect that Meiser or its employees performed work at 2809 SW 45th Street, Cape Coral, FL." The schedule sheet of work performed by Mr. Meiser was not produced until he was deposed on May 21, 2003. There is no other document in the record to reflect that anyone from Meiser was present on the Property on April 26, 2002 or had done any work on the Property.

■ These are the relevant facts as established at the final evidentiary hearing, which according to the Trustee is sufficient to sustain Trustee's assertion that the claim of lien is invalid and unenforceable against the Property pursuant to 11 U.S.C. § 545. Section 545, entitled "statutory liens" provides that:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... (2) "is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such purchaser exists."

The validity *vel non* of a mechanic's lien created by the Florida legislature clearly depends on the requirement of Florida Statute Section 713.08(5) of the recordation of a claim of lien within 90 days after the final furnishing of labor or services to the property involved.

There is no question, and it is clear from this record that the claim of lien was re-

corded on July 23, 2003. On its face, this indicates only one conclusion, that the claim of lien was not recorded within 90 days and therefore the lien is unenforceable and invalid. In support of this proposition, the Trustee points out, that he occupies the position of a bona fide purchaser and not only has standing but also the right to invalidate this statutory lien for failure to perfect the same within the requisite time frame.

In interpreting this statute, courts are uniform in their conclusion that construction liens are created by statute and before such lien can be acquired there must be a strict compliance with the statute. *Babe's Plumbing, Inc. v. Maier*, 194 So.2d 666 (Fla. 2d DCA 1967). It is equally true that the burden of proving that the claimant furnished labor or material for the improvement of the property is on the claimant. *Hartstone Concrete Products v. Verkauf*, 147 So.2d 194 (Fla. 2d DCA 1962). The 90–day period for recording the claim of lien begins to run when the last work is done, which is necessary to finish the job, not when enough work is done to render the job substantially completed. *Century Trust Company of Baltimore v. Allison Realty*, 105 Fla. 456, 141 So. 612 (Fla.1932); *Bowery v. Babbit*, 99 Fla. 1151, 128 So. 801 (Fla.1930).

In the case of *Viking Builders, Inc. v. Felices*, 391 So.2d 302 (Fla. 5th DCA 1980), the court held that remedial work in the nature of correction or repair does not extend the time for recording a claim of lien. The four-prong test to be applied in determining whether particular work constitutes a "final furnishing" under *Fla. Stat.* § 713.08(5), is (1) whether the work was done in good faith, (2) within a reasonable time, (3) is pursuant to the terms of the contract, and (4) was necessary to finish the job. *Wolford v. Sapp*, 448 So.2d 1113 (Fla. 1st DCA 1984); *Aronson v.*

*Keating*, 386 So.2d 822 (Fla. 4th DCA 1980).

In order to escape the consequences of the date stated in the claim of lien as to the last date that work was performed on the Property, Meiser contends it was a scrivener's error. Meiser urges that the Court should accept Meiser's exhibit, that is the handwritten schedule sheet allegedly prepared by Mr. Meiser contemporaneously, which he asserts is a true and correct document, which reflects the time when the last work was performed on the Property.

Accordingly, this Court is unwilling to accept the validity of this document as a competent proof of the last date on which work was performed on the Property. This scheduling sheet prepared by Todd Meiser is the sole documentary proof offered and it was not produced except in conjunction with the deposition of Todd Meiser by video on May 21, 2003.

Meiser asserts it has met the four-prong test for establishing the validity of its construction lien. Courts have allowed a claim of lien to be amended to set forth a different date as to the last date work was performed on the project. *See Brickell Bay Club, Inc. v. Ussery*, 417 So.2d 692 (Fla. 3d DCA 1982), where the court allowed the claim of lien being foreclosed to be amended to set forth a different date for the last date of work performed so that the lien would be within the 90–day time for recording, whereby the lien was filed with the wrong date of last furnishing labor. Meiser urges it provided the furnishing of labor to the job site for the purpose of finishing the job according to the terms and conditions of their agreement.

Meiser asserts that before the enforcement of a claim of lien is defeated because of errors and omissions, the person must

show that by a preponderance of the evidence, they have been adversely affected or prejudiced. *See Mid State Contractors, Inc. v. Halo Dev. Corp.,* 342 So.2d 1078, 1080 (Fla. 2d DCA 1977); *Adobe Brick and Supply Company v. Centex/Winston Corp.,* 270 So.2d 755 (Fla. 3d DCA 1972).

This Court finds Meiser's position lacks persuasive force. Meiser urges that the date recorded on the claim of lien was an excusable scrivener's error and the error did not cause prejudice to anyone. This Court is satisfied that it did cause prejudice to the estate, since if the claim of lien is recognized as a secured claim, it would create an adverse economic impact on the claims of general unsecured creditors. Moreover, the alleged work performed on April 26, 2003, on the Property was *de minimus* and trivial. Contrary to the testimony of Todd Meisner, neither his alleged presence of twenty minutes nor the half-hour of labor performed by the crew of four, had a meaningful impact on the contract, which was in excess of $20,000.

This Court is satisfied that Meiser did not satisfy the burden of establishing with competent evidence that the last date on which work was performed on the subject property by Meiser, its agents or employees was April 26, 2003 and not April 11, 2003, as indicated on the claim of lien. Therefore, the claim of lien is invalid and unenforceable against the estate pursuant to 11 U.S.C. § 545(2).

A separate Final Judgment shall be entered in accordance to the foregoing.

### *FINAL JUDGMENT*

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered its Findings of Fact, Conclusions of Law, and Memorandum Opinion. Therefore, it appears appropriate to enter this Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Plaintiff, Robert E. Tardif Jr., as Chapter 7 Trustee and against Defendant, Meiser Concrete Systems, Inc. It is further

ORDERED, ADJUDGED AND DECREED that the Claim of Lien, recorded on July 23, 2002, in the Public Records of Lee County, Florida at OR Book 03690, beginning at page 4680 be, and the same is hereby avoided pursuant to 11 U.S.C. § 545.