BRUTON, JAMES D., Jr., Associate Judge.
This is a Mechanic’s Lien Foreclosure, under F.S. Chapter 84 F.S.A. Alcon Homes, a division of Alumatron International, as general contractor, agreed to build a home for Appellants, Cecil Finney and wife, Cozela Finney, for the sum of $11,200.00 and they paid $560.00 on signing of contract and agreed to pay twenty-five per cent on pouring of slab; forty per cent when roof dried in; twenty per cent when kitchen cabinets and interior doors were hung and the balance upon substantial completion. No bond was required or given. The $560.00 downpayment was made prior to visible commencement of construction. The sum of $2,800.00 was paid as required. When the roof was dried in, Alcon wanted $4,480.00 more, but the Finneys, as owners, complained about the quality of work and defects. The Finneys were living in a motel waiting for the house to be finished and Alcon agreed to correct the defects and get the Finneys out of the motel, if they would pay the $4,480.00. The Finneys gave Alcon a check for that amount and Alcon worked on it two or three more days and abandoned the job and the Finneys stopped payment on the $4,480.00 check. The defects were not corrected. Barber Block Plant, Inc., not in privity with the owners, filed a lien foreclosure for materials and made Imperial Lumber Company, Inc., a defendant, it being a supplier, not in privity with the owners. Barber Block Plant, Inc., and Imperial Lumber Company, Inc., filed timely Claim of Liens. Jack R. Cecil petitioned to intervene as subcontractor, not in privity with the owners, for electrical work. Others stipulated that the default of Alcon, as general contractor, was on October 17, 1963, but Jack R. Cecil did not join therein. He claimed to have done work as late as October 25, 1963, and then again on March 7, 1964, after the expiration of the ninety days in which to file Claim of Lien, that he went back to the job because a City Electrical Inspector wanted a piece of pipe, valued at around $2.00, installed on a wire that was exposed and Jack R. Cecil claims he had not completed his work until the March 7, 1964, date and that his return to the job to furnish the $2.00 item revived his subcontractor or materialman’s lien. As to Jack R. Cecil, the question is whether or not the return to furnish a $2.00 piece of pipe is sufficiently substantial for it to be said his last work was on that date.
Jack R. Cecil was not in privity with the owners and more than ninety days having passed, subsequent to October 25, 1963, when he quit substantial work and he had not filed a lien, he is barred. It is our view that the addition of a $2.00 piece of material is not substantial in amount and if permitted to stand, it would permit any lien claimant, after the time for filing Claim of Lien expired, to hasten back to the job and furnish an insignificant piece of material and thereby obviate the time limit on filing Qaims of Lien. It also may be observed that Jack R. Cecil was not in privity with the owners and neither the owners, nor the contractor had asked him to return, after the general contractor had defaulted, to do any work. He did it, he says, on the suggestion of a City Electrical Inspector, by whom he was not employed. If this small amount of work had been done in privity with the owners, the situation would be different. It is our view that Jack R. Cecil did not timely perfect his lien and that the Chancellor erred in decreeing that he had a lien for $439.83 and costs, and as to the Jack R. Cecil lien, the Final Decree of the Chancellor is reversed. (F.S. 84.16, F.S.A.)
As to the liens of Barber Block Plant, Inc., and Imperial Lumber Company, Inc., we find no error with respect thereto and the decree foreclosing lien for them, in the respective amount of their liens, is affirmed.
As to the Jack R. Cecil lien, it might be well to observe that he did not stipulate when the general contractor defaulted and neither did he establish any other date for the default. The general contractor did abandon the project and did not return *700 thereto and showed no other excuse for nonperformance of his contract and the general contractor forfeited its right of lien. Pitts v. Ahlswede, Fla.App., 139 So.2d 159.
Though not necessary in reaching this decision, it might be helpful to observe the value of the partially constructed house was about $4,000.00 according to expert testimony. The owners had actually paid the first two payments, totaling $3,360.00. It also should be observed that the owners in making payments, where there was no bond, did not withhold twenty per cent of each payment so that the matter of apportionment of the amounts of each lien need not in equity be considered.
Reversed in part and affirmed in part.
SHANNON, ACTING C. J., and HOB-SON, J., concur.