386 So.2d 822 (1980)
Alden C. ARONSON and Eleanor Aronson, Appellants,
v.
Richard KEATING D/B/a Keating Industries, Appellee.
No. 79-673.
District Court of Appeal of Florida, Fourth District.
July 30, 1980.
Clarification Denied September 4, 1980.
Robert J. Hunt of Bond, Schoeneck & King, Fort Lauderdale, for appellants.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, and Robert L. Wunker of Grimditch, Bentz, Witte & Wunker, P.A., Pompano Beach, for appellee.
MOORE, Judge.
This is an appeal by the defendants from a final summary judgment in favor of the lienor in an action to foreclose a mechanic's lien. The appellants contend that the existence of genuine issues of material facts precluded the entry of summary judgment, and the court erred by entering judgment and refusing appellants leave to file an amended answer. We agree and reverse.
The appellants (Aronsons) entered into an American Institute of Architects Standard Form of Agreement Between Owner and Contractor with appellee (Richard Keating) whereby Keating was to build a residence on a cost plus basis. The Aronsons agreed to reimburse Keating for the cost of work and, in addition, pay him a contractor's fee. The agreement further provided that the maximum cost to the Aronsons would not exceed $170,000 except for change orders agreed to by the parties.
*823 On November 27, 1978, Keating filed a claim of lien, claiming that the residence was completed, that the last work was performed on September 14, 1978, and that there remained due on the original contract price the sum of $24,432.08. In pertinent part, the Aronsons' answer and affirmative defenses alleged that the claim of lien was not timely filed and that they had already paid the full contract price.
Keating moved for summary judgment, attaching to his motion the affidavit of an employee who stated that he had performed carpentry work at the Aronson residence on September 14, 1978. The Aronsons also moved for summary judgment and, alternatively, requested leave to file an amended answer. In a supporting affidavit Mr. Aronson asserted that a final certificate of occupancy was issued in July, 1978; that Keating's employee last worked on their residence in mid-August, 1978 and the work was of a remedial nature to correct defects; and that Aronson had already paid almost $60,000 in excess of the contract price and no change orders had been authorized in accordance with the contract. Thus, the Aronsons contended that the claim of lien was not filed timely as required by Section 713.08(5), Florida Statutes (1977), and that they had fully paid the contract price.
Section 713.08(5) provides in pertinent part:
The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than 90 days after the final furnishing of the labor or services or material by the lienor . . (emphasis added).
Keating filed his claim of lien on November 27. Thus, in order for that to be timely, his final furnishing of labor, services or materials would have to have been on or after August 29. Since Keating claims the final furnishing of labor, etc. was on September 14 and Aronson claims it was in mid-August, it is readily apparent that a genuine issue of material fact remains on the issue of the timeliness of the filing of the claim of lien. Although Keating argues on appeal that Aronson's affidavit conflicts with his prior deposition testimony, we do not find any direct discrepancy between the two. This is a matter of credibility, not to be resolved on summary judgment.
We also note that an issue of fact remains regarding the nature of the final work performed. The Aronsons contend that the work was done pursuant to a warranty provision of the contract which obligated Keating to correct defects in his work after final completion. They rely on Russell v. Danford, 139 So.2d 743 (Fla. 1st DCA 1962) in which the chancellor found that certain inconsequential work performed by the contractor after the date the contract was completed had been done solely for the purpose of correcting defects. Therefore, it could not qualify as a final furnishing of labor. The First District affirmed, noting that the issue was a factual one to be resolved by the chancellor.
Similarly, we find that this issue here is one to be resolved by the trier of fact. The test to be applied is whether the work was done in good faith, within a reasonable time, in pursuance of the terms of the contract, and whether it was necessary to a "finished job". Sentry Trust Company of Baltimore v. Allison Realty Company, 141 So. 612 (Fla. 1932). We point out, however, that an issue also appears to remain as to whether the warranty provision, relied on by the Aronsons, was incorporated into the standard form agreement executed by the parties.
In view of the numerous issues which remain pending in this case, we reverse the final summary judgment and remand for further proceedings. Appellants should be given an opportunity to amend their answer to the complaint.
REVERSED and REMANDED.
GLICKSTEIN, J., and JOHN J. UPCHURCH, IV, Associate Judge, concur.