391 So.2d 302 (1980)
VIKING BUILDERS, INC., Appellant,
v.
Salvador E. FELICES and Shirley G. Felices, His Wife, Appellees.
No. 80-116.
District Court of Appeal of Florida, Fifth District.
December 10, 1980.
Michael D. Jones, Altamonte Springs, for appellant.
*303 Jon M. Wilson, Orlando, for appellees.
COWART, Judge.
This mechanic's lien action presents the question of whether warranty or repair work can constitute the final furnishing of labor or material commencing the ninety day statutory period within which a lienor must file a claim of lien.
Appellant Viking Builders, Inc., as contractor, agreed to build a residence for appellees, as owners. The owners moved in the residence, and a certificate of occupancy was issued, on October 7, 1977. The air conditioner was in operation on October 11, 1977, and its one year warranty began to run from that date. The punch list[1] was prepared on October 18, 1977, and no item on it related to the air conditioner. The punch list items were completed on or about November 1, 1977. Sometime thereafter the air conditioning subcontractor did substantial warranty work on the air conditioner completing his work on or about December 31, 1977.
Section 713.08(5), Florida Statutes (1979), provides in part:
The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than 90 days after the final furnishing of the labor or services or materials by the lienor... .
The contractor's claim of lien was filed on February 14, 1978, within 90 days of the completion of the air conditioning warranty work on December 31, 1977, but not within 90 days of occupancy and completion of the punch list items.
The contractor primarily relies on the air conditioner work as being the final furnishing of labor under the statute. However, it is undisputed that the air conditioning system had worked for some time and that this item was repair work carried out under warranty. The majority rule[2] is that, after the installation of fixtures or equipment in a building, later services in the nature of correction or repair are not regarded as a part of the installation so as to make the time within which to file under a mechanic's lien based on the original installation run from the time of performance of such later services. This rule is followed in Florida. In Russell v. Danford, 139 So.2d 743 (Fla. 1st DCA 1962), the court held that work performed "for the purpose of correcting defects which plaintiff was obligated to correct under the express warranty provision of the contract between the parties" could not be considered as setting the completion date of the contract from which the time for filing would commence to run. Therefore this warranty work was not the statutory final furnishing of labor or material.
In this case, at the request of the owners, the contractor also returned to the job site in 1978 to install weep holes and had a subcontractor move a thermostat. These items were also to correct or ratify conditions or to eliminate problems resulting from work under the original contract. In addition, as compared to the whole contract work, they were too remote in time and too unsubstantial and too trivial in quantity to extend the time for filing.
In People's Bank of Jacksonville v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680 (1927), the lienor, after the primary delivery of 64,700 pounds of steel, much later delivered 17 pounds and claimed that the later delivery extended the time for filing a claim of lien. The Supreme Court held that the later furnishing of an article trivial in character, after the furnishing of material by the lienor has been substantially completed, is not sufficient to extend the time for filing notice of lien. In Finney v. Barber Block Plant, Inc., 183 So.2d 698 (Fla. *304 2d DCA 1966), an electrical contractor returned to the premises five months after completion of the work to install a piece of electrical conduit required by the building inspector. The court considered the electrical conduit as an insignificant piece of material and rejected the argument that its installation extended the time for filing a claim of lien.
The contractor observes that an owner considers no item trivial which he believes he is due, but has not received, under a construction contract. The contractor urges that the substantial-trivial test is impractical in the trade and that, between the owner and the general contractor, the test should be that the last item of labor or material for the purpose of the running of the time to file a lien should be the same as the last item that the owner is legally entitled to receive under the construction contract. There is a certain logic in this argument, but the problem inheres in the statute using as a monument from which the time limitation commences to run an event "the final furnishing of the labor or services or materials" which is essentially a question of fact and one that is not abrupt and obvious but is in the nature of the end of a winding down process. Prior to the 1963 revision and amendment of the mechanic's lien law, much litigation involving priorities resulted from a similar problem caused by keying the attaching date of liens to the first "visible commencement" of building operations. This problem was eliminated by that revision providing for a written recorded notice of commencement (Section 713.13, Fla. Stat.), and for liens to attach and run from such recorded event (Section 713.07(2), Fla. Stat.). Much controversy and litigation could be eliminated or greatly reduced if the legislature would likewise provide for a written recordable notice of completion, carefully conditioning both the owner's and contractor's rights under their contract and under the mechanic's lien law to that event in such manner that each would obtain certain benefits from asserting the same event. It could be provided that until the contractor signed a notice of completion he would not be entitled to final payment or the right to enforce his lien rights and until the owner signed the notice of completion the time limitation for filing liens would not begin to run and, perhaps, the owner would not be entitled to final inspection and occupancy under applicable building codes. Laborer's and subcontractor's lien rights could also be finally time limited by reference to a recorded notice of completion executed by both the contractor and owner. However, any proposed solution to this problem is necessarily a legislative function and this court cannot hold as a matter of law that the last ounce of performance to which an owner may be due under every construction contract is also the "final furnishing of the labor or services or materials" which commences the ninety day time limitation for filing a claim of lien under the statute. In this case construction of the weep holes and the moving of the thermostat was remedial work and of such comparable insignificance when compared to the total contract work as to not extend the time for filing the contractor's claim, notwithstanding that the owner insisted that he was entitled to such work under the construction contract.
We have examined the other points on appeal and find that there is substantial competent evidence to support the trial court's finding that the contractor was entitled to extra compensation for modifications requested by the owners and that the written notice provision of the original contract did not bar the contractor's recovery. See Pan American Engineering Co., Inc. v. Poncho's Construction Co., 387 So.2d 1052 (Fla. 5th DCA 1980), and Vita-Spray of Florida, Inc. v. Gumenick, 144 So.2d 533 (Fla. 3d DCA 1962).
The judgment below is
AFFIRMED.
FRANK W. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] A punch list is a final list of small items requiring completion, or finishing, corrective or remedial work under a construction contract.
[2] See Annotation: Labor in examination, repair, or servicing of fixtures, machinery, or attachments in building, as supporting a mechanic's lien, or as extending time for filing such a lien, 143 A.L.R. 1188 (1943); Turner-McCoy, Inc. v. Hardy, 230 Ark. 410, 323 S.W.2d 562 (1959); City of Ashland v. Ben Williamson & Co., 294 Ky. 446, 171 S.W.2d 968 (Ct.App. Ky. 1943).