526 So.2d 727 (1988)
OTIS ELEVATOR COMPANY, Appellant,
v.
EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Appellee.
No. 87-1309.
District Court of Appeal of Florida, Third District.
May 24, 1988.
Rehearing Denied July 11, 1988.
Blackwell, Walker, Fascell & Hoehl, Miami, and Diane H. Tutt, Hollywood, for appellant.
Schecter & Walkden and Mark S. Schecter and Eric Dorsky, Ft. Lauderdale, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Otis Elevator Company appeals from a final summary judgment entered in favor of Employers Insurance of Wausau, a surety, in an action for recovery under a contractor's bond.
Otis Elevator Company (Otis) entered into a subcontract with general contractor Robert A. Peirce Construction Company, Inc. (Peirce Construction) to install elevators in a building being constructed by the general contractor. Under a section of the subcontract entitled "Scope of Work," Otis was required to furnish all labor, material, equipment, and accessories necessary to install the elevators. Additionally, paragraph *728 21 of the same section required Otis to:
furnish maintenance and call-back service on each elevator after it is completed and placed in operation for a period of one (1) year. This service shall consist of periodic examinations of the equipment, adjustments, lubrication, cleaning, supplies and parts to keep the equipment in proper operation, except such adjustments, parts or repairs made necessary by abuse, misuse, or any other causes beyond the control of the Elevator Contractor.
Installation of the elevators was completed on September 17, 1985.
On September, 19, 1986, Otis filed an action against Employers Insurance of Wausau (Wausau) for a $42,065.50 balance due on the subcontract. Wausau was the surety on a labor and material payment bond posted by Peirce Construction in connection with the construction of the building. Wausau, relying on section 713.23(1)(f), Florida Statutes (1985), responded that the statute of limitations on the bond action had expired. Section 713.23(1)(f) states that "[n]o action shall be instituted or prosecuted against the contractor or against the surety on the bond ... after 1 year from the performance of the labor or completion of delivery of the materials and supplies." Wausau argued, and the trial court agreed, that the last work performed by Otis was on September 17, 1985, when the installation of the elevators was completed, and work Otis subsequently performed for Peirce Construction under the maintenance and call-back provision was in the nature of warranty or repair work and did not extend the time period within which Otis had to file the bond action. The trial judge entered a final summary judgment in favor of Wausau and Otis appealed.
Otis submits that the installation of the elevators did not conclude its obligations under the subcontract. As dictated by the maintenance and call-back provision of the subcontract, Otis's obligations to the general contractor continued for a full year after installation of the elevators. Contrary to Wausau's contention, Otis argued that this subsequent work was not warranty and repair work. In support of its position, Otis pointed to a separate provision of the subcontract which provided coverage for materials and workmanship for a period of one year. Otis viewed the maintenance and call-back work as an integral part of the subcontract which it was required to provide to complete the job.
We conclude that the question of when the final performance of labor or completion of delivery of materials and supplies has taken place is a question of material fact, essential to the resolution of this action. Because the parties present conflicting interpretations of the nature of the work required under paragraph 21 of the subcontract and whether this work falls under the boundaries contemplated by section 713.23(1)(f), summary judgment should not have been granted. Aronson v. Keating, 386 So.2d 822 (Fla. 4th DCA 1980). The test to be applied in making this determination is "whether the work was done in good faith, within a reasonable time, in pursuance of the terms of the contract, and whether it was necessary to a `finished job'." Aronson, 386 So.2d at 823. Accord Century Trust Co. of Baltimore v. Allison Realty Co., 105 Fla. 456, 141 So. 612 (1932); Wolford v. Sapp, 448 So.2d 1113 (Fla. 1st DCA 1984).
Reversed and remanded.
BASKIN, J., concurs.
FERGUSON, Judge (dissenting).
Otis installed elevators in a newly constructed building pursuant to a subcontract with Pierce Construction Company. Installation was completed on September 17, 1985. Wausau was the surety on a labor and material payment bond posted by the general contractor which provided a right of action on the bond in the event the general contractor, Pierce, failed to make payments.
Otis commenced this action on the bond on September 19, 1986, over a year after installation was completed, to recover a $42,965.50 unpaid balance on its subcontract. Wausau defended on grounds that Otis' suit on the bond was barred by the *729 one-year period provided by section 713.23(1)(f), Florida Statutes (1985). Otis relies on paragraph 21 of the contract  obligating it to furnish maintenance and call-back service for an additional year  as evidence that the work completion date for the purpose of the applicable limiting statute could be September 16, 1986, rather than September 17, 1985, when the elevators were fully installed. Otis contends that the statute of limitations is extended so long as any call-back or maintenance work is done within the year following installation. Some minor maintenance or call-back work was done within a year after installation was completed.
This issue presents a question of law, not of fact, and it has been settled in Florida. After the installation of fixtures or equipment in a building, later services in the nature of correction or repair are not regarded as a part of the installation so as to extend the time within which to file a mechanic's lien. Viking Builders, Inc. v. Felices, 391 So.2d 302 (Fla. 5th DCA 1980). See also Finney v. Barber Block Plant, Inc., 183 So.2d 698 (Fla. 2d DCA 1966). That the parties have a written agreement for maintenance or repair work to be done for one year after installation is immaterial.
I would affirm the summary judgment.