682 So.2d 661 (1996)
HERPEL, INC., Appellant,
v.
STRAUB CAPITAL CORP., a Florida Corporation, Individually and as General Partner of The Blossom Estate, Ltd., a Florida Partnership, The Blossom Estate, Ltd., a Florida Limited Partnership and Mike Moore Construction Co., a Florida Corporation, Appellees.
No. 95-3771.
District Court of Appeal of Florida, Fourth District.
November 6, 1996.
Clarification Denied January 14, 1997.
Richard S. Cohen, West Palm Beach, and Paul Thibadeau, Palm Beach, for appellant.
J. Kory Parkhurst and Bruce G. Alexander of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellees.
STEVENSON, Judge.
In this action to foreclose a mechanic's lien, the trial court granted summary judgment in favor of the defendants/appellees on the ground that the lien was not recorded within 90 days of the final furnishing of materials to the job site as required by section 713.08(5), Florida Statutes (1993). Because we find that, as a matter of law, the lien was timely, we reverse and direct the trial court to enter partial summary judgment in favor of the appellant.
The contract at issue called for appellant, Herpel, Inc. (Herpel), to specially fabricate a cast-stone mantel for installation in a newly constructed residence owned by appellee, *662 The Blossom Estate, a limited partnership (Blossom). The contract was for materials only; no labor or other services were involved. The mantel was delivered sometime on or before November 30, 1994, and was installed in the residence. When the mantel was delivered, George Straub, the owner's authorized agent, was not satisfied with its appearance. On November 30, 1994, Herpel employees removed the mantel from the residence, leaving a large hole in the wall, and returned it to Herpel's work-yard to finish curing. The same mantel was reinstalled on January 5, 1995.
Herpel did not file its Claim of Lien until March 23, 1995; 113 days after the mantel was originally delivered to the property, but within 90 days of the date that the cured mantel was redelivered. Section 713.08(5) provides in pertinent part that:
The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than 90 days after the final furnishing of the labor or services or materials by the lienor....
Id. § 713.08(5). The trial court determined as a matter of law that the "final furnishing of materials" occurred on November 30, 1994, when the mantel was first placed on the job site. Consequently, the trial court concluded that the claim of lien had not been timely filed and granted judgment in favor of the defendants/appellees.
In reaching its decision, the trial court specifically relied on Taylor Woodrow Construction Corp. v. Burke Co., 606 So.2d 1154 (Fla.1992), and Moretrench American Corp. v. Taylor Woodrow Construction Corp., 565 So.2d 861 (Fla. 2d DCA 1990). Unfortunately, neither Taylor Woodrow nor Moretrench are of much help in resolving the instant case because both cases dealt with section 255.05(2) and the meaning of "complete delivery " of rental equipment, rather than section 713.08(5) and the "final furnishing" of purchased materials. We have uncovered no cases directly on point that explain the term "final furnishing" in the context of a materials-only contract. However, a number of cases, which involve contracts for the provision of both services and materials, are useful in our analysis of what constitutes the "final furnishing" of materials.
In contracts involving both services and materials, the courts have held that the time limit for filing a lien is not extended by repair, corrective, or warranty work; but that work done in fulfillment of the contract will extend the time for filing of the claim of lien. For instance, in Viking Builders, Inc. v. Felices, 391 So.2d 302 (Fla. 5th DCA 1980), the contract at issue called for the construction of an air-conditioned residence. After completing the home, substantial work was performed on the air conditioning unit, which malfunctioned shortly after its installation. The contractor's claim of lien was filed within 90 days after completing the air conditioning warranty work, but later than 90 days of occupancy and completion of the punch list items. The contractor argued that his claim of lien was timely and relied on the air conditioning work as being the final furnishing of the labor under section 713.08(5), Florida Statutes (1979). The fifth district rejected this argument and stated:
The majority rule is that, after the installation of fixtures or equipment in a building, later services in the nature of correction or repair are not regarded as a part of the installation so as to make the time within which to file under a mechanic's lien based on the original installation run from the time of performance of such later services. This rule is followed in Florida.... Therefore, this warranty work was not the final furnishing of labor or materials.
Viking Builders, 391 So.2d at 303.
In Aronson v. Keating, 386 So.2d 822 (Fla. 4th DCA 1980), which also involved a construction contract to build a residence, additional carpentry work was performed after a certificate of occupancy had been issued for the home. The contractor's claim of lien was filed within 90 days of the carpentry work, but more than 90 days after the final certificate of occupancy for the residence had been issued. The trial court entered summary judgment in favor of the plaintiff-contractor, finding the lien was timely filed; however, the appellate court reversed, finding the existence of genuine issues of material fact. Id. at 823. In particular, the court found that an *663 issue of fact remained regarding the nature of the final work performed. The owners contended that the work was done pursuant to a warranty provision of the contract, which obligated the contractor to correct defects in the work after final completion; the contractor contended that the additional carpentry work was performed to complete the contract. The court stated:
The test to be applied is whether the work was done in good faith, within a reasonable time, in pursuance of the terms of the contract, and whether it was necessary to a "finished job."
386 So.2d at 823 (citing Century Trust Co. of Baltimore v. Allison Realty Co., 105 Fla. 456, 141 So. 612 (1932)).
It seems that the rationale of Aronson and Viking Builders rests on the notion that work done in fulfillment of the contract is contemplated by the contract and extends the time for filing, since the contract is not complete until the work is done. Remedial work in the nature of correction or repair does not extend the time for filing the claim of lien since the contract is already complete, and any additional work performed is merely incidental to the executed contract. We believe that the reasoning of Viking Builders and Aronson applies with equal force to the instant case, which involves a materials-only contract. Applying that reasoning, we have little difficulty determining that, as a matter of law, the final furnishing of the materials occurred when the mantel was reinstalled on January 5, 1995. The owner rejected the mantel as non-conforming to the contract when it was initially tendered. In response to the owner's objections, Herpel took the mantel back, allowed for further curing, and presented the mantel once again for acceptance. Under the circumstances, it is clear that the additional work on the mantel was performed to complete the job in compliance with the contract.
Accordingly, we find that appellant properly recorded its Claim of Lien within 90 days of the final furnishing of materials to the job site as required by section 713.08(5), Florida Statutes. We reverse and remand for entry of partial summary judgment in favor of the appellant on the issue of the timeliness of the lien.[1]
REVERSED and REMANDED.
STONE and FARMER, JJ., concur.
NOTES
[1] We decline to order that final summary judgment be entered in appellant's favor because, on the record before us, we cannot determine with certainty whether other issues are pending, which might affect the validity of the lien.