685 So.2d 896 (1996)
FEDERAL INSURANCE COMPANY, Appellant,
v.
EXEL OF ORLANDO, INC., d/b/a Plasterwalls, Appellee.
No. 95-2856.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
Rehearing Denied January 8, 1997.
*897 Peter A. Robertson and Kyle E. Petteway of Peter A. Robertson and Associates, P.A., Gainesville, for Appellant.
Lawrence J. Phalin and Ben W. Subin of Mateer & Harbert, P.A., Orlando, for Appellee.
DAUKSCH, Judge.
This is an appeal from a final judgment. We reverse because we determine appellee's complaint was not timely filed.
The School Board of Polk County awarded M.M. Parrish Construction Company the contract to build George H. Jenkins High School. Acting as a surety to Parrish, appellant issued a payment bond for the project pursuant to section 255.05, Florida Statutes. Parrish hired various subcontractors including appellee to work on the project.
Appellee submitted a pay request to Parrish on August 20, 1993 stating that appellee had completed 100% of its performance under the original contract. On the same day the architect issued a Certificate of Substantial Completion on all the buildings in the project except the auditorium. The record indicates that school personnel occupied all the buildings except the auditorium at this time.
Appellee contends that it worked on two projects in the auditorium after August 20. In late August it worked on the stage area of the auditorium. During the first week of September it worked on the ceiling in the orchestra pit. After the first week of September appellee did punch list/corrective work.[1] The record indicates that appellee had men working on the job through the week of October 3, 1993.
On September 16, 1994 appellee brought an action against appellant and Parrish for breach of contract and a claim on a payment bond. Appellant contended that appellee's suit was untimely. The trial court found that appellee timely filed suit within one year from the performance of labor.
The issue is whether appellee filed its complaint within the one-year statute of limitations as required under section 255.05(2).[2] The one-year statute of limitations for actions against the surety bond begins when a Certificate of Substantial Completion is issued and the owner accepts the constructed building. Northwestern, Inc. v. Ward Land Clearing & Drainage, Inc., 500 So.2d 615 (Fla. 1st DCA 1986); Dist. Sch. Bd. of DeSoto County v. Safeco Ins. Co., 434 So.2d 38 (Fla. 2d DCA 1983).
It is uncontested that the architect issued the Certificate of Substantial Completion for all the buildings in the project, with the exception of the auditorium, on August 20, 1993. The testimony that school personnel occupied the buildings is sufficient evidence that the School Board accepted the buildings as of that date. We hold that appellee's claim for work performed on any building except the auditorium is barred. Florida Bd. of Regents v. Fidelity & Deposit Co. of Maryland, 416 So.2d 30 (Fla. 5th DCA 1982).
There is no evidence in the record establishing the date the architect issued the Certificate of Substantial Compliance for the auditorium. Therefore, we must determine the last date appellee performed labor on the project. Hammet Co., Inc. v. Federal Ins. Co., 560 So.2d 326 (Fla. 1st DCA 1990). The appropriate test to determine the last date appellee performed labor is the "substantial-trivial" test. In re Twelve Oaks Ltd., 59 B.R. *898 736, 742 (M.D.Fla.1986), Viking Builders, Inc. v. Felices, 391 So.2d 302, 303 (Fla.5th DCA 1980). Appellee contends that it worked on two projects in the auditorium and completed punch list work after August 20, 1993. The evidence does not establish that appellee worked on the two work projects in the auditorium until September 16, 1993. Therefore, we need only consider the punch list work. When compared to the work done on the whole contract, punch list work is trivial and unsubstantial. We hold that appellee did not timely file its complaint.
Appellant requests this court award it attorney's fees. We agree. The contract between appellee and Parrish provided for attorney's fees for any litigation "involving, arising out of or related to this contract." Appellant stepped into Parrish's shoes and is entitled to recover attorney's fees. In addition, appellant is also entitled to appellate attorney's fees. Home Ins. Co. v. Drescher, 220 So.2d 902 (Fla.1969).
REVERSED AND REMANDED.
THOMPSON, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, Judge, concurring specially.
I concur in the result of the majority opinion because there is no substantial competent evidence in the record that appellee was doing any work other than corrective work on the project within one year prior to filing suit. If I could find any such evidence, I would defer to the ruling of the lower court. I do not agree that the claim is barred for all but the auditorium because a partial certificate of substantial completion of the rest of the project was issued by the architect and those buildings were accepted by the school board. A subcontract cannot be segmented unilaterally in such a manner for statute of limitations purposes.
As for attorney's fees, I do not understand the majority's rationale for the award. Nor can I find it in appellant's motion. It does appear, however, that appellant is entitled to attorney's fees based on its offer of judgment.
NOTES
[1] A punch list is a final list of small items requiring completion, or finishing, corrective or remedial work under a construction contract.
[2] § 255.05(2), Fla. Stat. (1993) provides:

No action shall be instituted against the contractor or the surety on the payment bond or the payment provisions of a combined payment and performance bond after 1 year from the performance of the labor or completion of delivery of the materials or supplies.