937 So.2d 695 (2006)
DELTA FIRE SPRINKLERS, INC., Appellant,
v.
ONEBEACON INSURANCE COMPANY, etc., et al., Appellee.
No. 5D04-3349.
District Court of Appeal of Florida, Fifth District.
August 4, 2006.
Rehearing Denied September 20, 2006.
*696 Rosemary Hanna Hayes and Tina Caraballo, of Hayes & Caraballo, PL, Orlando, for Appellant.
William L. Grant of Shutts & Bowen LLP, Orlando, for Appellee.
MONACO, J.
Delta Fire Sprinklers appeals the final summary judgment dismissing Delta Fire's actions against OneBeacon Insurance Company in two consolidated cases. We conclude, as did the trial court, that the construction payment bond issued by OneBeacon was a statutory bond that comported with section 713.23, Florida Statutes (2001), and that because Delta Fire failed to provide the required statutory notice of nonpayment, it could not recover under the bond.
This case is one of several that grew out of the construction of the Lakeview Apartments in Seminole County. Delta Fire installed the fire protection system for the apartment complex, but alleges that it was not fully paid for its work. It originally brought a claim for breach of contract against the general contractor and a claim pursuant to section 713.23, Florida Statutes, against OneBeacon under a payment bond issued by that company. It later amended its complaint by alleging an additional count against OneBeacon "in the alternative," asserting that the bond provided by OneBeacon was a common law, rather than statutory, payment bond. A separate suit was filed against the owner and OneBeacon seeking recovery under a construction lien theory against the owner and recovery on a common law bond against OneBeacon. Various fraud counts against the owner, OneBeacon, and the construction lender were later added. The two cases were eventually consolidated for discovery and trial.
After the pleadings had closed OneBeacon filed a motion for summary judgment with respect to the claims against it in each suit. The discovery and documents filed in support of the motion reflected that the general contractor had performed some clearance work on the project prior to the filing of the notice of commencement, but that Delta Fire performed no work until about four months after the OneBeacon bond was recorded and provided to them. Delta Fire sent its notice to contractor, as required by section 713.23(1)(c), Florida Statutes, about three months after the bond was recorded. In addition, an affidavit of a corporate officer of OneBeacon filed to support the motion for summary judgment indicated that OneBeacon or its predecessors had been licensed in Florida since 1957. A certificate of insurance reflecting that fact was attached to the affidavit.
The discovery completed prior to the filing of the motion for summary judgment also reflected that on November 15, 2000, Delta Fire sent the contractor its notarized application for payment Number 14, which indicated that Delta had completed all of *697 its work on the project. More specifically, each column in the application reflected that 100% of the work for which Delta Fire was engaged had been completed before submission of the application. By a sworn document dated December 8, 2000, Delta Fire submitted its final pay application (application Number 15), seeking payment of its contract retainage. As with the previous draw request, application Number 15 showed no additional work on the project, and 100% of the work completed.
Section 713.23(1)(d), Florida Statutes, required Delta Fire "as a condition precedent to recovery under the bond" to serve a written notice of nonpayment on the contractor and surety not later than 90 days after the "final furnishing of labor, services or materials." The OneBeacon bond itself also required 90 days' notice of nonpayment. Delta Fire served its notice of nonpayment on March 12, 2001, or 117 days after the date of application Number 14, and 94 days after the date of application Number 15.
In order to controvert the assertion by OneBeacon of late notice, Delta Fire presented an affidavit of its president indicating that on the day of the final inspection for the project Delta Fire had to attend the inspection with the building official and activate the fire protection system in each building in order to pretest the system and demonstrate that it was working properly. In addition, there is some indication that Delta Fire had to complete some punch list and warranty work at the same time. By Delta Fire's reckoning, therefore, its last performance of work was not until January of 2001, the date of the final inspection, which, of course, would have made its notice of nonpayment timely. In addition, Delta Fire argued that the bond supplied was a common law bond, rather than a statutory bond, and that the 90-day statutory notice provision did not apply to it.
The trial court concluded in granting summary judgment in favor of OneBeacon, however, that the bond provided by OneBeacon was a statutory payment bond, and that Delta Fire's notice of nonpayment had not been served in a timely manner. Delta Fire appeals the summary judgment. We affirm.
The issues raised in this appeal concerning whether the bond issued by OneBeacon was a statutory or common law bond were considered by this court in Professional Plastering & Stucco, Inc. v. Bridgeport-Strasberg Joint Venture, 31 Fla. L. Weekly D1897, ___ So.2d ___, 2006 WL 1931199 (Fla. 5th DCA July 12, 2006), a case involving the identical project and very similar claims. Delta Fire, therefore, finds itself in the same posture as Professional Plastering, and we see no reason to vary our determination made in the earlier case that the bond is a statutory bond governed by the requirements of section 713.23. See also Bridgeport, Inc. v. Tampa Roofing Co., 903 So.2d 306 (Fla. 2d DCA 2005). Accordingly, we will address only the issue of whether the notice of nonpayment was timely served by Delta Fire under the statutory bond.
The standard of review governing the ruling of a trial court on a motion for summary judgment posing a pure question of law is de novo. See Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1084 (Fla.2005); Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). In order to determine the propriety of a summary judgment, a reviewing court should determine whether there is any genuine issue regarding any material fact and whether the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The party seeking summary judgment has the burden to prove *698 conclusively the nonexistence of any genuine issue of material fact. On appeal, a reviewing court should consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the nonmoving party. If the slightest doubt exists, of course, summary judgment must be reversed. See Mivan (Florida), Inc. v. Metric Constructors, Inc., 857 So.2d 901, 902 (Fla. 5th DCA 2003); Krol v. City of Orlando, 778 So.2d 490, 491-92 (Fla. 5th DCA 2001); see also Horizons Rehab., Inc. v. Health Care and Ret. Corp., 810 So.2d 958 (Fla. 5th DCA), review denied, 832 So.2d 104 (Fla.2002).
A construction lien is "purely a creature of the statute," and because it is of this nature, persons seeking its benefits must strictly comply with the requirements of the construction lien law. See Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280, 281 (Fla.1992); Stresscon v. Madiedo, 581 So.2d 158, 159 (Fla.1991); Johnson v. Aqua Pool Co., Inc., 725 So.2d 458, 459 (Fla. 2d DCA 1999); Hanley v. Kajak, 661 So.2d 1248 (Fla. 4th DCA 1995). Thus, for example, section 713.08(5), Florida Statutes, requires a claim of lien to be recorded at any time during the progress of work or thereafter, but not later than 90 days after the final furnishing of the labor or services or materials by the lienor, and section 713.23(1)(d) requires a party seeking recovery under a payment bond to serve a written notice of nonpayment on the contractor and surety not later than 90 days after the "final furnishing of labor, services or materials." The issue we are faced with in the present controversy, which involves a provider of fixtures or equipment, as well as the installation of the same, is whether services by the lienor in the nature of testing for the final inspection, warranty work and punch list work associated with the installed fixtures or equipment extends the time for asserting a statutory payment bond claim under the construction lien law. We hold that it does not.
We have earlier dealt with this issue in a number of permutations. In Viking Builders, Inc. v. Felices, 391 So.2d 302 (Fla. 5th DCA 1980), for example, we concluded that the performance of warranty work is not considered the final furnishing of labor or materials for construction lien purposes. In that case a contractor returned to a job site at the request of the owners to install weep holes and to have a thermostat moved. We said there that:
These items were also to correct or ratify conditions or to eliminate problems resulting from work under the original contract. In addition, as compared to the whole contract work, they were too remote in time and too unsubstantial and too trivial in quantity to extend the time for filing.
Viking Builders, 391 So.2d at 303.
The rationale for our determination was that work done in actual fulfillment of a contract is contemplated by the contract and, accordingly, extends the time for filing, because the contract is not complete until the work is done. Remedial work in the nature of correction or repair, on the other hand, does not extend the time for filing the claim of lien since the contract is already complete, and any additional work performed is merely incidental to the executed contract. See Herpel, Inc. v. Straub Capital Corp., 682 So.2d 661, 662 (Fla. 4th DCA 1996).
Similarly, in Federal Ins. Co. v. Exel of Orlando, Inc., 685 So.2d 896 (Fla. 5th DCA 1996), we applied the "substantial-trivial" test in determining that punch list work did not extend the time to file a lien foreclosure complaint under the lien law. We said in that case that "[w]hen compared to the work done on the whole contract, punch list work is trivial and unsubstantial." Id. at 898. See also Robert M. *699 Swedroe, Architect/Planners, A.I.A., P.A. v. First Am. Inv. Corp., 565 So.2d 349 (Fla. 1st DCA 1990).
The Fourth District Court under similar circumstances held that the test to be applied in determining whether particular work constitutes a final furnishing under section 713.08(5), is whether the work was done in good faith, within a reasonable time, and in pursuance of the terms of the contract, and whether it was necessary to a "finished job." See Michnal v. Palm Coast Dev., Inc., 842 So.2d 927 (Fla. 4th DCA 2003), review denied, 882 So.2d 385 (Fla.2004). As the Michnal court noted pointedly, there are "no steadfast rules to apply in making this determination." See Harvesters Group, Inc. v. Westinghouse Elec. Corp., 527 So.2d 257, 259 (Fla. 3d DCA), review denied, 536 So.2d 246 (Fla. 1988).
In Leader Mortgage Co. v. Rickards Elec. Serv., Inc., 348 So.2d 1202 (Fla. 4th DCA 1977), Rickards Electric Service had entered into a direct contract with an owner to provide electrical work on a building. Trouble developed and Rickards was not paid in full. Rickards sought foreclosure of a statutory mechanics lien in addition to claiming an alleged breach of an oral contract. When Rickards left the job for the last time, it submitted a request for final payment for the total outstanding balance, claiming the entire balance was due because the project had been completed. In addition, Rickards recorded a claim of lien for the identical balance. The appellant argued that Rickards was barred from enforcing its construction lien because it failed to submit a contractor's affidavit. In order to explain its failure to serve a contractor's affidavit, Rickards then maintained that the work undertaken had never been actually completed, so no final payment ever became due. The court noted the inconsistency of the positions argued by Rickards, and said:
Under the circumstances, we find it an unacceptable paradox for the appellee to argue that the final payment is due and payable, cash wise, but that it need not comply with the requirements of the statute because the final payment is not due, work wise. Such is a classic example of having your cake and eating it too.
Rickards Electric, 348 So.2d at 1204.
In the instant case, the only evidence of work performed after November of 2000, seems to be a final inspection or "walk through," and the relatively minor tasks associated with it. While the completion of punch list items, and a final inspection or testing of the sprinkler system was important for the purpose of allowing the owner to acquire a certificate of occupancy, we conclude that these minor tasks were of the type described in Viking Builders, Federal Insurance, and Michnal, and were simply insufficient to extend the 90-day period for perfecting a bond claim under the statutory bond issued by OneBeacon, particularly where Delta Fire had months earlier submitted pay requisitions for a fully completed job. As the trial court certainly recognized, and as we confirm, Delta Fire could not proclaim that it fully completed its work for payment purposes, but not for bond claim purposes. No matter whether we apply the trivial substantial test articulated and adopted by this court in Federal Insurance, or the test applied by our sister court in Michnal, the result is the same. The time for serving the notice of nonpayment was not extended.
AFFIRMED.
THOMPSON and EVANDER, JJ., concur.