# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0407
Lower Tribunal No. 17-17390
_____

**JD's Asphalt Engineering Corp.,**
Appellant,

vs.

**Arch Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge, and Gerald D. Hubbart, Senior Judge.

Best & Menendez, and Virginia M. Best; Law Offices of Lazaro Vazquez, P.A., and Lazaro Vazquez; Law Offices of Anthony Accetta, P.A., and Anthony Accetta, for appellant.

The Carlson Law Firm, P.A., and Robert A. Carlson and Maxwell X. Che; Cole, Scott & Kissane, P.A., and Sarah Hafeez (Fort Lauderdale); Hunker Appeals, and Thomas L. Hunker and Virginia A. Paxton (Fort Lauderdale), for appellee.

Before SCALES, HENDON and MILLER, JJ.

SCALES, J.

Appellant JD's Asphalt Engineering Corp. ("JD's Asphalt") appeals a final judgment and an interlocutory summary judgment rendered by the trial court in JD's Asphalt's payment and performance bond lawsuit against appellee Arch Insurance Company ("Arch"). Arch was the issuer of the bond posted by a general contractor who performed construction work for the Miami-Dade County School District in 2015.

JD's Asphalt sued Arch for $11,606.63 in retainage payments, and $19,890.00 (plus sales tax) in change orders allegedly owed to JD's Asphalt by the general contractor. The trial court granted Arch's summary judgment motion on JD's Asphalt's change order claim, then conducted a two-day bench trial on JD's Asphalt's retainage claim to determine the factual issue of whether the claim was barred by the statute of limitations set forth in section 255.05 (10) of the Florida Statutes.[1]

---

[1] In relevant part, section 255.05(10) provides:

> An action for recovery of retainage must be instituted against the contractor or the surety within 1 year after the performance of the labor or completion of delivery of materials or supplies; however, such an action may not be instituted until one of the following conditions is satisfied:
>
> . . . .

The subcontract between JD's Asphalt and the general contractor expressly required all change orders to be in writing and signed, yet the summary judgment evidence, taken in a light most favorable to JD's Asphalt, revealed that the change orders upon which its claim was based were unsigned and unauthorized. Our *de novo* review of the summary judgment evidence compels us to affirm the trial court's conclusion that no genuine issue of material fact existed on this issue, and therefore Arch was entitled to summary judgment. <u>See</u> <u>Everett Painting Co. v. Padula & Wadsworth Constr., Inc.</u>, 856 So. 2d 1059, 1062 (Fla. 4th DCA 2003).

After conducting the bench trial, the trial court, upon entering a six-page order containing both detailed findings of fact and conclusions of law, determined that JD's Asphalt's retainage claim was barred by section 255.05(10) because it was not brought within one year of JD's Asphalt's completion of its subcontracted labor and materials for the project. JD's Asphalt filed its lawsuit on July 19, 2017. In its findings of fact, the trial court found that JD's Asphalt completed performance on August 11, 2015; the

---

(c) At least 160 days have passed since reaching substantial compliance of the construction services purchased, as defined in the contract, or if not defined in the contract, since reaching beneficial occupancy or use of the project.

§ 255.05(10)(c), Fla. Stat. (2015).

architect certified the project to be substantially complete on August 22, 2015; and, if JD's Asphalt performed any labor during a July-October 2016 time period, it was "*de minimus*" punch list work and not the type of labor that would extend the one-year limitations period.

Because these trial court findings of fact are supported by competent, substantial evidence, we are compelled to affirm as well. Underwater Eng'g Servs., Inc. v. Utility Bd. of the City of Key West,194 So. 3d 437, 444 (Fla. 3d DCA 2016) ("In reviewing a judgment rendered after a bench trial, the 'trial court's findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous.' Thus, they are reviewed for competent, substantial evidence.") (quoting Emaminejad v. Ocwen Loan Servicing, LLC, 156 So. 3d 534, 535 (Fla. 3d DCA 2015)); see Fed. Ins. Co. v. Exel of Orlando, 685 So. 2d 896, 898 (Fla. 5th DCA 1996) (holding that punch list or corrective work under a public construction contract is too "trivial and unsubstantial" to extend the limitations period).

Affirmed.